## THE IRVING F. ROSS.

### Petition of ROSS TOWBOAT CO.

(District Court, D. Massachusetts. August 4, 1925.)

**1. Shipping ⬅⬎209(1)—Rights and benefits conferred by statutes, limiting owner's liability, are essentially maritime, and jurisdiction of United States courts in admiralty may be invoked to secure to shipowner enjoyment thereof.**

Rights and benefits of Rev. St. § 4283 (Comp. St. § 8021), and Act June 26, 1884, § 18 (Comp. St. § 8028), limiting liability of owner of any vessel to value of his interest therein and pending freight for any damage done without his privity or knowledge, inure only to owners of vessels, and are essentially maritime in nature, and jurisdiction of courts of United States in admiralty may properly be invoked to secure to a shipowner enjoyment of such rights and benefits.

**2. Shipping ⬅⬎207—Tug owner entitled to limit liability for obstruction of use of wharf, whether tort was maritime or not.**

Where tug, with a barge laden with ashes, towed barge into a slip where barge sank and obstructed use of adjoining wharf, tug owner *held* entitled to limit his liability under Rev. St. § 4283 (Comp. St. § 8021), and Act June 26, 1884, § 18 (Comp. St. § 8028), whether tort was maritime or not.

In Admiralty. Petition by the Ross Towboat Company for limitation of liability to the value of the tug Irving F. Ross, in which the Bay State Fishing Company filed a plea to the jurisdiction of the court. Plea dismissed.

Blodgett, Jones, Burnham & Bingham, of Boston, Mass., for petitioner.

G. Philip Wardner, of Boston, Mass., for Boston Sanitary & Development Co.

Harold Williams, Jr., of Boston, Mass., for Bay State Fishing Co.

BREWSTER, District Judge. The tug Irving F. Ross was towing a scow owned by the Boston Development & Sanitary Company. When opposite the docks of the Bay State Fishing Company, it was noticed that the scow was leaking and in danger of sinking. The scow was rushed to a wharf, known as Pickert's Dock, and made fast, but the scow filled with water and sank, parting a mooring line, and slid over into the dock of the Bay State Fishing Company, owing to the unevenness of the bottom. The scow was loaded with ashes, and, not only did the sunken barge and its load of ashes interfere with the use of its wharf by the fishing company, but ashes entered into the pipes connected with the plant and impaired for a time the efficiency of the same. The fishing company brought in the state court an action against the Ross Towboat Company, as owner of the tug, for damages sustained. Subsequently the Boston Development & Sanitary Company filed a libel in this court against the tug for allowing the barge to sink. The Ross Towboat Company has filed, also in this court, a petition for limitation of liability to the value of the tug and her freight then pending. Under order of this court, the Bay State Fishing Company has been enjoined from further prosecution of its action in the state court, the value of the tug has been determined by appraisers, and the usual monition has issued. The fishing company has filed a plea to the jurisdiction of this court, on the ground that the damages sustained by it arise from injuries to real estate and are not cognizable in a court of admiralty.

Rev. St. § 4283 (Comp. St. § 8021), limits the liability of the owner of any vessel to the value of his interest in the vessel and

pending freight for any damage done without the privity or knowledge of the owner. The Act of June 26, 1884, § 18 (Comp. St. § 8028), extends the limitations to liability for all debts and liabilities with certain exceptions not now important. These acts of Congress· have been held to be amendments to the maritime laws of the country. In re Garnett, 141 U. S. 1, 11 S. Ct. 840, 35 L. Ed. 631.

[1] The rights and benefits conferred by the acts above referred to inure only to owners of vessels and, are essentially maritime in their nature. The jurisdiction of the courts of the United States as courts of admiralty may properly be invoked to secure to a shipowner the enjoyment of these rights and benefits. This conclusion is required by the announced purpose of the legislation.

[2] Inasmuch as the act of 1884 limits the owner's liability for "all debts· and liabilities" to the value of the vessel and pending freight, it is no longer important to draw fine distinctions between liabilities strictly maritime and torts nonmaritime. Richardson v. Harmon, 222 U. S. 96, 32 S. Ct. 27, 56 L. Ed. 110; The No. 6, 241 F. 69, 154 C. C. A. 69.

I have serious doubts whether the sinking of the scow in the slip of the fishing company and blocking up the wharf would be considered a nonmaritime tort, if negligence was shown, but, in view of the foregoing, it becomes unnecessary to deal further with that question.

The plea of the Bay State Fishing Company should be dismissed, and it should answer and establish its claim in this court.