Petition of MILLS.

THE SOUTH SHORE.

District Court, D. New Jersey. September 18, 1928.

Pierre Brown and R. F. Lenahan, both of New York City, and James D. Carpenter, of Jersey City, N. J., for petitioner.

Thomas G. Haight, of Jersey City, N. J., for respondent.

BODINE, District Judge. This case arises on a petition of William M. Mills and Andrew H. Mills, partners doing business as Mills Bros., as former owners of the steamship South Shore, for exoneration from and limitation of liability under section 4283 et seq. of the Revised Statutes (46 USCA § 183 et seq.).

In August of 1926, Mills Bros., desired to obtain a place to tie up certain excursion boats for the winter. They contracted with the city of Newark for such space; the city to assume no responsibility for the safety of the vessels, and Mills Bros. to provide watchmen and other necessary protection. About the middle of September, eight boats were tied up to the dock. On the night of October 30, 1926, the South Shore, one of the boats, began to fill, and sank early the following morning. Admittedly, she was seaworthy in all respects, although there was some testimony that the pumping equipment did not work satisfactorily. The sinking of the vessel blocked the head of the channel and prevented the use of the dock by other vessels. Mills Bros. were repeatedly called upon by officials of the city of Newark to remove the South Shore. They, however, at all times refused to do so, saying they abandoned the vessel.

On March 15th, the Mills Bros. formally abandoned all interest in the vessel. The city then obtained bids for raising and removing the vessel, the lowest one of which was $22,000. The city, after receipt of this bid, notified the Mills Bros. that they should proceed to remove the vessel, or the city would award the contract to the lowest bidder. The Mills Bros. merely replied by letter that they had no further interest in the boat, having abandoned her. The city went ahead with the removal of the vessel, and brought a suit in the Essex county circuit court to recover the cost. The petition for exoneration from and limitation of liability was then filed in this court. The Mills Bros. have recovered on their insurance and the city is out the cost of removing the vessel.

The contract between the city and Mills Bros. permitted the latter to tie up eight excursion boats until May 15, 1927, for $600, unless sooner requested to remove them. It did not provide for removal of wreckage. In fact, nothing was said at all upon that sub-

ject. The proceeding in this court is predicated upon section 4283 of the Revised Statutes (title 46, § 183, USCA) which is as follows:

"Liability of the owner of any vessel, for any embezzlement, loss, or destruction, by any person, of any property, goods, or merchandise, shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred without the privity, or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel, and her freight then pending."

Under this statute the limitation proceeding properly lies. See The Irving F. Ross Petition of Ross Towboat Co. (D. C.) 8 F. (2d) 313. The facts in that case are precisely with those here.

Counsel for the city attempts to show that the contract with the city contemplated the removal of any wreckage. The correspondence between the Mills Bros. and the city is silent on any such point. The parties, when they contracted for the rental of the space for tying up the boats, contemplated merely the removal of the boats in the spring, or earlier, if the city needed the dock. The sinking of the vessel at the wharf, and the consequent blocking of navigation, was one of those tortious wrongs for which Congress gave the shipowner the protection of the limitation of liability proceeding. Shipping was to be encouraged by limiting the shipowners' liability to the value of the vessel. The city could have, of course, contracted for more; but it did not. The loss cannot occasion a new deal.

The petitioner may have a decree accordingly.