## THE ATLAS NO. 7.

### In re WRIGHT & COBB LIGHTERAGE CO., Inc.

District Court, S. D. New York.

April 18, 1930.

Alexander, Ash & Jones and Lawson R. Jones, Edward Ash, and Max Taylor, all of New York City, for petitioner.

William P. Thomas, of New York City, for damaged claimant.

GODDARD, District Judge.

An action was brought in the New York Supreme Court, Bronx county, by Elizabeth V. Hickey, as administratrix of the estate of James J. Hickey, deceased, against the Atlas Portland Cement Company and the Wright & Cobb Lighterage Company, Inc., to recover damages for the death of the said James J. Hickey.

On September 29, 1926, the deceased, who was a chauffeur in the employ of Bell & Kilcullen, Inc., dealers in building materials, drove his employer's truck out upon the dock at the foot of Jennings street, Bronx River, for the purpose of receiving a load of cement from the lighter Atlas No. 7 owned by the Atlas Portland Cement Company, but then under charter to the petitioner, the Wright & Cobb Lighterage Company, Inc. Drafts of bags of cement were being discharged from the lighter upon the truck by the lighter's tackle, and it is alleged that, while the deceased was standing on the forward part of the truck, the rear

part of it was overloaded by those in charge of the ship's tackle, causing the rear of the truck to suddenly tilt downward and to hurl the deceased into the air so that he fell upon the Atlas No. 7, causing injuries which resulted in his death.

In the complaint it is alleged that the defendant, the Atlas Portland Cement Company, negligently furnished unsafe and inadequate equipment "and the defendant, the Wright & Cobb Lighterage Co., Inc. its agents, servants and employees, was negligently and carelessly operating and controlling the said lighter Atlas No. 7, together with the winches, derricks, beams, lines and other mechanical equipment connected therewith, and so negligently and carelessly raised or caused to be lowered a bag of cement upon a motor truck * * *" that the plaintiff's intestate sustained his injuries.

The Wright & Cobb Lighterage Company, Inc., the charterer of the Atlas No. 7, one of the defendants in the suit, has filed a libel and petition for limitation, to which the administratrix of the deceased, James J. Hickey, has excepted on the ground that "the accident did not happen on navigable waters," that it is a nonmaritime tort, and that the admiralty court has no jurisdiction.

The pertinent sections of the statute relating to limitation of liability are sections 183 and 189, 46 USCA, which read as follows:

"§ 183. *Liability of Owner not to Exceed Interest.* The liability of the owner of any vessel, for any embezzlement, loss, or destruction, by any person, of any property, goods, or merchandise, shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred without the privity, or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel, and her freight then pending. (R. S. § 4283)."

"§ 189. *Limitation of Liability of Owners of Vessels for Debts.* The individual liability of a shipowner shall be limited to the proportion of any or all debts and liabilities that his individual share of the ves-

sel bears to the whole; and the aggregate liabilities of all the owners of a vessel on account of the same shall not exceed the value of such vessels and freight pending: Provided, That this provision shall not prevent any claimant from joining all the owners in one action; nor shall the same apply to wages due to persons employed by said shipowners. (June 26, 1884, c. 121, § 18, 23 Stat. 57.)"

Referring to the statutory limitation of liability by a vessel owner, Mr. Chief Justice Taft in Hartford Accident & Indemnity Co. v. Southern Pacific Co., 273 U. S. 207, at page 214, 47 S. Ct. 357, 358, 71 L. Ed. 612, said:

"The great object of the statute was to encourage shipbuilding and to induce the investment of money in this branch of industry by limiting the venture of those who build the ships to the loss of the ship itself or her freight then pending, in cases of damage or wrong happening, without the privity or knowledge of the shipowner, and by the fault or neglect of the master or other persons on board."

The right to limitation under the statute applies to a claim founded upon a nonmaritime or a maritime tort if it arises out of the carelessness or conduct of the master and crew, but leaves the owner liable for his own fault, neglect, or contract. Richardson v. Harmon, 222 U. S. 96, 32 S. Ct. 27, 56 L. Ed. 110; The No. 6 (C. C. A.) 241 F. 69, certiorari denied 244 U S. 659, 37 S. Ct. 745, 61 L. Ed. 1375.

While the petitioner was not the owner of the lighter, it appears from its petition that the Atlas No. 7 was "in the sole and exclusive possession and control of the petitioner and that the said petitioner manned, vittled and navigated same at its own expense." Therefore, under section 4286 of the Revised Statutes (46 USCA § 186), the petitioner is permitted to file its petition to limit its liability as if it were the owner. See Stewart v. United States Shipping Board Emergency Fleet Corp. (D. C.) 7 F. (2d) 676; Du Pont De Nemours & Co., Inc., v. Bentley, et al. (C. C. A.) 19 F.(2d) 354.

Accordingly, the exceptions to the libel and petition are overruled.