### The TRIM TOO.

### In re FERGUSON.

### No. 864.

District Court, D. Massachusetts.

June 5, 1941.

272

Bingham, Dana & Gould, Albert T. Gould, and Howard F. Fanning, all of Boston, Mass., for petitioner.

Kenneth W. Brown and Arthur H. Brown, both of Boston, Mass., for claimant.

Lyne, Woodworth & Evarts, of Boston, Mass., for Asa E. Phillips, Jr.

Marvin C. Taylor, of Boston, Mass., for Nellie I. Johannessen.

Christiansen, Sanford & Kerwin and A. F. Christiansen, all of Boston, Mass., for Jens Johannessen, claimant.

Hill, Blake & Berkal, of Salem, Mass. (Richard E. Blake, of Salem, Mass.), for James E. Graves, Inc.

BREWSTER, District Judge.

This proceeding is brought in admiralty by the owner of the Power Yacht "Trim Too" for limitation of liability under applicable Federal Statutes. 46 U.S.C. A. §§ 183, 188, 189. The matter is now before the court solely on the question of jurisdiction raised in the answer of Nellie I. Johannessen, administratrix of John A. S. Johannessen, who asked to have the petition dismissed. As the jurisdiction of the court is assailed in a motion to dismiss incorporated in the answer, the decision must rest upon the allegations of the petition as amended. The Muriel, D.C., 25 F.2d 505.

The following facts appear:

The Trim Too, which was launched August 30, 1937, was a wooden motor yacht, 48.3 feet in length, 12.5 feet in breadth, had a depth of hold of 5.2 feet and was 27 tons gross and 22 tons net. She was licensed and enrolled as a vessel of the United States and bore number 236653. She had been in use by the petitioner during a part of the yachting season of 1937 and during the yachting seasons of 1938 and 1939. In the fall of 1939 a cradle was placed under her and she was hauled out upon the marine railway of James E. Graves, Incorporated, of Marblehead, Massachusetts. She was then moved in her cradle a distance of fifty or sixty feet over greased timbers to a shed in the yard where she remained for the winter. In the spring of 1940, John A. S. Johannessen, who had acted as her captain from the time she was launched and had been in the employ of the petitioner in a similar capacity for a number of years, commenced working on the yacht and her equipment to prepare her for the summer season. About April 1, 1940, he was joined by his brother Jens Johannessen. From time to time employees of James E. Graves, Incorporated, worked aboard the yacht and on May 21, 1940, did some painting and carpentry work on board. On the morning of May 22, 1940, shortly after Captain Johannessen and his brother went aboard to resume their work, an explosion occurred, as a result of which there was one death and injuries to persons and property sustained by other claimants.

The jurisdiction of the court to entertain the petition to limit the owner's liability is attacked on two grounds: (1) that the

Trim Too was not a sea-going vessel within the purview of the statute, and (2) that since the Trim Too was undergoing repairs on land when the explosion occurred, the statute has no application.

■■ First. Section 188 of Title 46 U. S.C.A. provides that the provisions of sections 183 and 189 of the Title shall apply to all sea-going vessels. The courts have uniformly held that the right to limit liability does not depend upon the use of the craft in maritime commerce. Warnken v. Moody, 5 Cir., 22 F.2d 960; The Linseed King, D.C., 24 F.2d 967; The Francesca, D.C., 19 F.Supp. 829.

In The Mistral, D.C., 50 F.2d 957, the vessel was a pleasure yacht, and the court held that the statute applied.

The Friendship II, 61 S.Ct. 687, 85 L.Ed. ——, recently decided by the Supreme Court was a case of a petition for limitation of liability arising from death and personal injuries occurring on a yacht while not engaged in commercial activities. While the petition was denied on its merits, the jurisdiction of the court to entertain it was not questioned, and the alleged wrong was held to be a maritime tort.

Second. Respecting the second ground upon which the admiralty jurisdiction of this court is brought in question, the contention is that the Limited-Liability Statute has no application inasmuch as the accident happened when the vessel was on land, namely, in a shed where she had been stored during the winter.

■ In an early English Act, the preamble contained a recital that "it was of the greatest consequence to the Kingdom to promote the increase of the number of ships and to prevent any discouragement to merchants and others from being interested and concerned therein." 7 Geo. III C. 15 (1734). It was to this end and to put American shipping upon an equality with that of other maritime nations that Congress enacted the Limited-Liability Act of 1851, which was later incorporated in Revised Statutes as Sections 4282–4289, 46 U. S.C.A. §§ 175, 182–188. The Main v. Williams, 152 U.S. 122, 14 S.Ct. 486, 38 L.Ed. 381;

See, also, Norwich & N. Y. Transp. Company v. Wright, 13 Wall. 104, 80 U.S. 104, 20 L.Ed. 585.

■ The Act of June 26, 1884, 23 Stat. 57, 46 U.S.C.A. § 189, extended the operation of the statute by removing the restrictions on the character of the liabilities against which limitation might be asserted. It is safe to assume that the intent of this Act was to encourage shipbuilding and induce investments in sea-going vessels by limiting to his investment the liability of an owner, not at fault, whether the claim was based on a maritime or non-maritime wrong.

■ Since Richardson v. Harmon, 222 U.S. 96, it is settled that the admiralty jurisdiction extends to non-maritime torts in proceedings to limit liability. The Irving F. Ross, D.C., 8 F.2d 313; The City of Bangor, D.C., 13 F.Supp. 648; The Atlas No. 7, D.C., 42 F.2d 480; The South Shore, D.C., 29 F.2d 207; In re Pennsylvania R. Co., 2 Cir., 48 F.2d 559.

"Proceedings by vessel owners to limit their liability as permitted by the Acts of Congress relating thereto are within the general maritime law and admiralty jurisdiction, and form an independent head of jurisdiction without regard to whether the claims limited against are such as might be sued upon in admiralty or not." Benedict on Admiralty, 6th Edition, Volume 1, Page 332; 5th Edition, Volume 1, Page 181.

■ Thus the history of the legislation, the decisions of the courts and the observation of a learned writer combine to refute the argument that the court is without jurisdiction in admiralty to entertain this petition.

So far as the answer of the claimant Nellie I. Johannessen, administratrix, moves for a dismissal of the petition for want of jurisdiction, it is denied. The petition will stand for hearing on the merits.

While this motion was the only matter set down for hearing and, strictly speaking, was the only matter before me, attorneys representing other claimants were present and were given an opportunity to file briefs on or before May 13, 1941. This arrangement was accepted as satisfactory, but no briefs have been filed. The answers, motions to dismiss and exceptions filed by these claimants, so far as they raise the same jurisdictional issue, should therefore be denied or overruled.