**In the Matter of the Complaint of Harry DICKENSON as Owner of a 1970 31′ Trunk Cabin Flybridge, Trojan, Cruiser, "Seavoyager" Model.**

No. CV 91–1335.

United States District Court, E.D. New York.

Jan. 8, 1992.

Marchese, Sallah & Araneo, P.C., Holtsville, N.Y., for plaintiffs Dickson and Buelher.

Corwin & Matthews, Huntington, N.Y., for defendants Alfred W. Cramer and A.W. Cramer, Inc.

Rivkin, Radler, Bayh, Hart & Kramer by Craig J. Bruno, Uniondale, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In the above-referenced action, Harry Dickenson ("petitioner"), as owner of a 31 foot, sea-going vessel, the *KAISO*, seeks exoneration from or limitation of liability under the Limitation of Liability Act, 46 U.S.C.App. § 183 for alleged tortious acts relating to a fire that completely destroyed the vessel and allegedly caused physical injury to plaintiffs Patrick E. Dickson and Matthew Dickson. Additional plaintiffs in the case are Diane Dickson who claims loss of services of her husband, Patrick Dickson; and Joan Beuhler, both as guardian of Matthew Dickson, an infant, and on her own behalf for loss of Matthew Dickenson's services (collectively "plaintiffs"). Currently at bar is plaintiffs' motion, pursuant to Rules 12(b)(1, 6) and 12(h)(3) of the Federal Rules of Civil Procedure, to dismiss petitioner's § 183 complaint and petitioner's cross-motion to dismiss plaintiffs' claims for damages, also pursuant to Rules 12(b)(1, 6) and 12(h)(3). Because this Court holds that it lacks admiralty jurisdiction under 28 U.S.C. § 1333, plaintiffs' motion is granted and petitioner's motion is dismissed as moot.

## BACKGROUND

According to petitioner's complaint, in May 1989 the *KAISO* was placed in dry

dock, 50 feet from the water, at Dickson Marina, located at Dockside 500 Marina, Patchogue, New York. On June 24, 1989, at approximately noon, Patrick Dickson, the proprietor of Dickson Marina, and his son Matthew, an infant above the age of 14, were aboard the vessel for the purpose of installing a new generator. While Patrick Dickson was drilling through the hull with an electric drill, fumes alleged to be present on the boat were ignited either by a spark or by heat from the drill. Patrick and Matthew Dickson were injured and the vessel was completely destroyed.

On October 12, 1990, plaintiffs brought suit against petitioner and other defendants in New York Supreme Court, Suffolk County. On April 12, 1991, petitioner brought the instant action in which he claims the benefit of exoneration from and/or limitation of liability (to the value of the *KAISO* immediately after the fire) pursuant to 46 U.S.C.App. § 183. Petitioner concurrently filed a Stipulation of Value in which he states that the *KAISO* is currently appraised at $0.00. On May 13, 1991, this Court issued an Order requiring plaintiffs to file their claims in this action on or before September 13, 1991. On September 11, 1991, plaintiffs filed a "notice of claim" which sets forth each of their claims.

Now before the Court are the parties cross-motions to dismiss pursuant to Rule 12(b)(1,6) for lack of subject matter jurisdiction and Rule 12(h)(3) for lack of timeliness.

## DISCUSSION

When parties present several grounds for dismissal including Rule 12(b)(1), the Court must first examine grounds that allege lack of subject matter jurisdiction because if the complaint is dismissed on that basis, the accompanying defenses and objections become moot. *Rhulen Agency Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990); 5 C. Wright and A. Miller, *Federal Practice and Procedure*, § 1350, p. 548 (1969).

Petitioner claims that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 which grants district courts original jurisdiction in "[a]ny civil case of admiralty or maritime jurisdiction." *Id.* The Supreme Court has repeatedly held that in tort actions involving vessels, admiralty jurisdiction is confined to suits for wrongful acts that occur on navigable waters and bear a sufficient relation to maritime activity. *Sisson v. Ruby*, — U.S. —, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990); *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982); *Executive Jet Aviation v. Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972).

Petitioner claims that although the allegedly tortious activity in the instant action occurred while the *KAISO* was in dry dock, 50 feet from the water, § 1333 nevertheless confers subject matter jurisdiction on this Court because the case involves a claim under 46 U.S.C.App. § 183 for exoneration or limitation of liability. In support of this proposition, petitioner relies on two district court cases, *The Trim Too*, 39 F.Supp. 271 (D.C.Mass.1941) and *Petition of Colonial Trust Company*, 124 F.Supp. 73 (D.C.Conn.1954), both of which held that a sea-going vessel owner's right to limit liability in tort is not destroyed because the vessel is temporarily stored ashore.

However, more recent decisions have held otherwise. In *David Wright Charter Service v. Wright*, 925 F.2d 783, 785 (4th Cir.1991) (per curiam), the Fourth Circuit affirmed the dismissal of a complaint for limitation or exoneration under § 183 for lack of jurisdiction under 28 U.S.C. § 1333 because the explosion and fire on the vessel (which killed one plaintiff and injured another) occurred while the vessel was in a shed, 75 feet from the water. *See also Omaha Indem. Co. v. Whaleneck Harbor Marina, Inc.*, 610 F.Supp. 154, 156 (E.D.N.Y.1985) (no admiralty jurisdiction over tort claims where vessel in dry storage was damaged).

Furthermore, although the Supreme Court recently left open the question of whether the Limitation of Liability Act provides an independent source of admiralty jurisdiction, *Sisson*, 110 S.Ct. at 2894, n. 1,

the Fourth, Seventh, Eighth and Eleventh Circuits, have all held that it does not. *David Wright Charter Service*, 925 F.2d at 785; *Three Buoys Houseboat Vacations U.S.A. v. Morts*, 921 F.2d 775, 779–80 (8th Cir.1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 272, 116 L.Ed.2d 224 (1991); *Lewis Charters, Inc. v. Huckins Yacht Corp.*, 871 F.2d 1046, 1052–54 (11th Cir.1989); *Complaint of Sisson*, 867 F.2d 341, 348–50 (7th Cir.1989), *rev'd on other grounds*, —— U.S. ——, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990). For the reasons discussed in *Lewis Charters, Inc.*, 871 F.2d at 1052–54 (affirming dismissal for lack of admiralty jurisdiction where vessel destroyed by fire was in drydock and "withdrawn from navigation"), this Court holds that it lacks admiralty jurisdiction in this case under 28 U.S.C. § 1333.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to dismiss petitioner's complaint for exoneration from or limitation of liability is granted under Rule 12(b)(1) for lack of admiralty jurisdiction. Petitioner's counter-motion is thereby rendered moot.

SO ORDERED.