## POTTER v. NORTH GERMAN LLOYD et al.

### No. 21900–W.

District Court, N. D. California, S. D.

April 27, 1943.

Morris Lowenthal, of San Francisco, Cal., for plaintiff.

Clarence G. Morse and Graham & Morse, all of San Francisco, Cal., for defendant.

BOWEN, District Judge.

Action at law, commenced in the state court and removed to this court, to recover the value of certain used household furniture (called a lift-van) shipped from Hamburg, Germany, and destined for Portland, Oregon, but never delivered because the outbreak or threatened outbreak of the present war in September, 1939 caused the carrying ship (the defendant's German ship Weser) to stop at Puntarenas, Costa Rica, where the voyage was abandoned, the lift-van was transferred from the Weser to the Eisenach (another of defendant's German ships) for storage, and later the Eisenach, upon orders from the German government to her German master and crew, was scuttled and with all cargo aboard, including the lift-van, was burned in Puntarenas Harbor. By reason of those events plaintiff, assignee of the shipper, alleges conversion by defendant of the lift-van and seeks to recover its value and costs of suit from defendant.

Defendant sets up in its answer a number of bill of lading and other defenses, including among others the asserted right in case of war to stop and terminate the voy-

age at Puntarenas and to there transfer the lift-van to another vessel for storage and also defendant's asserted nonliability for the destruction of plaintiff's lift-van by "restraints of princes" which defendant alleges caused the burning and destruction of the lift-van. Finally as an alleged complete bar to plaintiff's action, defendant relies upon the one-year statute of limitations provided in the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1303(6), which defendant contends applies to this action.

Plaintiff contends that the carrying vessel unreasonably put into Puntarenas, remained there an unreasonable length of time, unjustifiably failed to transship the lift-van to its original destination and unlawfully converted and destroyed the same, all under circumstances of unreasonable delay amounting to unlawful deviation of the original Hamburg-to-Portland voyage, and that such deviation nullifies and renders unavailable to defendant all bill of lading defenses.

The parties do not agree on the date of the Weser's departure from Hamburg (although such departure was probably on or soon after July 20, 1939, when the lift-van was loaded), but it is agreed that she arrived at Puntarenas on September 7, 1939, about 4 days after the outbreak of the present war. It is not disputed that the usual voyage of the carrying vessel from Hamburg to Portland took some 30 to 35 days, that the lift-van remained on board the Weser and the Eisenach together from July 20, 1939 to March 31, 1941, and that on the latter date occurred the burning of the Eisenach with the lift-van. Thus the lift-van was by the defendant kept on board the Weser during her voyage to and stay at Puntarenas and on board the Eisenach at Puntarenas for approximately 20 months and 11 days, which was time enough for almost 17½ voyages (not allowing for loading and unloading time) from Hamburg to Portland. That alone is a strong circumstance which, if not justified by the defendant's privileges under the bill of lading defenses on which defendant strongly relies, would make defendant's position most difficult with respect to plaintiff's contention that there was a deviation by reason of such long delay.

If however the one-year time limit for bringing suit provided in the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1303(6), applies to this case, the decision of it will be necessarily controlled by such statutory

time limit with the result that plaintiff's action will be defeated whether the question as to deviation and its related questions are decided in plaintiff's favor or not.

There can be no question but that the courts of this country, as required by 46 U.S.C.A. § 1300, have been applying to carriage contracts for ocean shipments in foreign trade to and from American ports the Carriage of Goods by Sea Act, supra, and Section 1303(6) thereof which in material part provides that: "In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year *after* delivery of the goods or *the date when the goods should have been delivered* * .* .*." (Emphasis supplied.) See the Argentino, D.C., 28 F.Supp. 440, 442 (Syl. 2); The Zarembo, D.C., 44 F.Supp. 915, 921. (Syl. 11, 12); The Cypria, D.C., 46 F. Supp. 816, 820 (Syl. 6, 7). Said Section 1303(6) does apply to this case.

In this case plaintiff denies defendant's right under the bill of lading provisions to abandon the Weser's voyage at Puntarenas, but contends that, even if such abandonment were permissible, defendant was by the bill of lading obligated to transship the lift-van to its original destination, and that the lift-van should by such transshipment have been delivered at Portland within a reasonable time after the Weser's arrival at Puntarenas on September 7, 1939. Surely such reasonable time for such delivery after such transshipment would not have required more than 6 months after September 7, 1939, and the court finds that such final delivery of the lift-van at Portland could and should have been made within that time, assuming only for the purpose of such finding that, as plaintiff contends, the defendant was required in any event to transship the lift-van to Portland. This suit was filed in the state court May 26, 1941, more than 20 months after the carrying vessel with the lift-van on board put in at Puntarenas on September 7, 1939. Allowing the first six months after such arrival for making delivery, such six month period expired not later than March 7, 1940, but it was more than 14 months thereafter before plaintiff's suit was filed.

The conclusion is therefore compelling that plaintiff's suit was not filed within one year after the lift-van should have been delivered, assuming, as plaintiff contends, that delivery at Portland should have been

made by the defendant and that there is no justification for defendant's failure to do so. There seems no escape from defendant's seventh affirmative defense contained in its answer filed July 29, 1941, that plaintiff's suit was not brought within the one-year time provided in the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1303(6), and that plaintiff's action is barred by that statutory time limitation.

The decision of this court therefore is that plaintiff take nothing by his complaint and that the same be dismissed with costs in favor of defendant.

At the trial and in their briefs, counsel on both sides have ably and thoroughly presented many other points, all of which have been carefully considered without favorable result to plaintiff, but if the court is right in the foregoing decision as to the statute of limitations, it would seem no further discussion of such other points is necessary or desirable. Findings of fact, conclusions of law and judgment may be settled upon stipulation or notice.