JOSEPHINE DE PINTO, as Administratrix of the Estate of MAURO DE PINTO, Deceased, Respondent, *v.* O'DONNELL TRANSPORTATION Co., INC., Appellant, et al., Defendants.

Argued March 7, 1944; decided May 25, 1944.

*John P. Carson, Edmund F. Lamb* and *Reginald V. Spell* for appellant. The Appellate Division erred in modifying the order of the trial court to the extent of depriving the defendant of its partial defense of limitation of liability pursuant to the Federal Limited Liability Act. (U. S. Code, tit. 46, § 183 *et seq.*) (In *Re Eastern Transp. Co.*, 37 F. 2d 355; *The Harry Hudson Smith*, 142 F. 724; *The Catskill*, 95 F. 700; *Carlisle Packing Co.* v. *Sandanger*, 259 U. S. 255; *The Lotta*, 150 F. 219; *Delaware River Ferry Co.* v. *Amos*, 179 F. 756; *The " Scotland "*, 105 U. S. 24; *Carpenter* v. *Mary R. Mullins, Inc.*, 33 F. Supp. 10; *Coryell* v. *Pilkington*, 39 F. Supp. 142, 128 F. 2d 702, 317 U. S. 406; *Cantey* v. *McLain Line*, 40 F. Supp. 887.)

*Abraham M. Fisch* for respondent. I. The owner of a vessel who desires to limit his legal liability to the value of the vessel must do so within six months after a claim has been filed. (*Standard Wholesale P. & A. Works* v. *Travelers Ins. Co.*, 107 F. 2d 373; *The Irving*, 28 F. Supp. 585; *The Grasselli Chemical Co. No. 4*, 20 F. Supp. 394.) II. The right to limit liability whether by petition or pleading in the answer must be perfected by a shipowner within six months after the plaintiff has filed her claim. Congress did not intend to make it possible for the shipowner by subterfuge to extend his time in which to limit liability. A shipowner cannot amend his answer to interpose the defense of limitation of liability after the expiration of six months from the filing of the claim. (*The Irving*, 33 F. Supp. 59; *Standard Wholesale P. & A. Works* v. *Travelers Ins. Co.*, 107 F. 2d, 373; *Conners Marine Co.* v. *U. S. Gypsum Co.*, 107 F. 2d 1011; *The Grasselli Chemical Co. No. 4*, 20 F. Supp. 394; *The Joseph O'Donnell*, 37 F. Supp. 120.) III. The jury having rendered a verdict in favor of the plaintiff and having found under the trial court's charge that the appellant's vessel was unseaworthy, the jury's determination was *res judicata* to any new proceedings in the matter. The trial court was without authority to pass on the issues of limitation in the absence of the jury. (*Southern Pacific Railr'd* v. *United States*, 168 U. S. 1; *Hull* v. *Hull*, 225 N. Y. 342.)

*Per Curiam.* The evidence amply supports the finding by the jury that there was negligence on the part of the defendant-appellant and freedom from contributory negligence on the part of the deceased. Upon consideration of the Federal statutes (U. S. Rev. Stat., §§ 4283, 4284, 4285; U. S. Code, tit. 46, §§ 183, 184 and 185, as amd. by Act of June 5, 1936, ch. 521 [49 U. S. Stat. 1479 *et seq.*]), we agree with the interpretation in *The Chickie* (141 F. 2d 80), and, accordingly, under section 606 of the Civil Practice Act (as amd. by L. 1942, ch. 297), the judgment is reversed and the case is remitted to the Appellate Division, without costs, for determination upon the questions of fact, including discretion, raised in that court by the defendant-appellant's motion to amend the answer.

The judgment of the Appellate Division should be reversed, without costs, and the case remitted to the Appellate Division for determination upon the questions of fact, including discretion, raised in that court by the defendant-appellant's motion to amend the answer.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgment accordingly.