ZONITE PRODUCTS CORPORATION, Plaintiff, *v.* MEDITERRANEAN NAVIGATION CO., S. A., Defendant.

City Court of City of New York, Special Term, New York County, December 16, 1944.

*Herman M. Trabich* for plaintiff.

*Robert Barko* for defendant.

PARELLA, J. Plaintiff moves for summary judgment under rule 113 of the Rules of Civil Practice in this action to recover the sum of $1,919.05 freight charges prepaid to defendant and also for special damages in the sum of $879.95 for an alleged breach of contract by defendant.

Defendant is a common carrier, the owner of a vessel, S. S. *Gloucester.* Plaintiff delivered merchandise to defendant and the same was received on board defendant's vessel at the same time plaintiff paid the aforesaid freight charges. The vessel never sailed because it could not secure the necessary certificate of sailing from the port authorities of Baltimore, Maryland; the said authorities found that the steamship was unseaworthy.

Defendant relies as a defense upon the following provisions of the bill of lading: " Full freight hereunder to port of discharge named herein shall be considered completely earned on receipt of the goods by the carrier, whether the freight be stated or intended to be prepaid or to be collected at destination; and the carrier shall be entitled to all freight and charges due hereunder, whether actually paid or not, and to receive and retain them under all circumstances whatsoever ship and/or cargo lost or not lost. If there shall be a forced interruption or abandonment of the voyage at the port of shipment or elsewhere any forwarding of the goods or any part thereof shall be at the risk and expense of the goods. All unpaid charges shall be paid in full without any offset, counterclaim or a deduction in the currency of the country of the port of shipment, or, at carrier's option, in the currency of the port of

discharge at the demand rate of New York exchange as quoted on the day of the ship's entry at the Custom House of the port of discharge.''

I am of the opinion that the said provisions have no application to the situation found in this case. The papers on this motion establish that the defendant received the goods on board its vessel knowing the same to be unseaworthy. When the goods were received by defendant the port authorities had already officially declared the vessel to be unseaworthy. The defendant never made the ship seaworthy, never complied with applicable Federal laws relating to the safety of ships sailing the high seas, with the result that the ship was not allowed to leave port. Hence there was not only a failure of consideration for the freight charges prepaid by plaintiff but there was also a breach by defendant of its contract of carriage with plaintiff.

The above-quoted provisions of the bill of lading do not override section 3 of the Carriage of Goods by Sea Act (U. S. Code, tit. 46, § 1303), which was approved April 16, 1936. The bill of lading is subject to the requirements of that statute. Indeed it is specifically stated in the bill of lading that it '' shall have effect subject to the provisions of '' the said act, to which it would in any event be subject.

By that act the defendant was required to use due diligence to make the vessel seaworthy. I could not, without disregarding the realities, hold that there is any question of fact in the case concerning defendant's lack of due diligence, since it is clear that it failed to take the necessary steps to put the vessel in condition to enable it to obtain the necessary license to leave port.

I find that plaintiff is entitled to recover the prepaid freight charges, and also such special damage as it incurred, consisting of the cost of delivering the merchandise to the defendant's vessel and then having it returned from the vessel to plaintiff's place of business, also the cost of marine and war insurance which it had effected and consular invoices which it had secured.

The plaintiff's motion for summary judgment will be granted as follows: Judgment may be entered in plaintiff's favor for the prepaid freight charges; the action may then be severed, and an assessment shall be had for the purpose of determining plaintiff's special damages.

Order signed.