In the Matter of the Accounting of Rose M. Wheeler, as Executrix of Virginia C. Wheeler, Deceased.

Surrogate's Court, Richmond County, January 23, 1948.

*Carl D. Isaacs* for The Van Street Corporation, petitioner.

*Frank I. Smith* for Rose M. Wheeler, executrix, respondent.

BOYLAN, S.   This is an application by an alleged creditor for a compulsory accounting.   The claim arises by reason of the alleged failure of the decedent to remove a sunken deck scow from land under water at the foot of Van Street in the Borough of Richmond.   The claim is for damages to the real property, including the cost of removing the scow.   The executrix contends that the matter sounds in admiralty and that therefore the court is without jurisdiction.   Section 40 of the Surrogate's Court Act is the authority for the general jurisdiction of the Surrogate's Court.   The general grant of jurisdiction under this section is not to be limited by specific grants of jurisdiction as to enumerated subjects.   It is not the function of the courts to thwart the unlimited jurisdiction given Surrogate's Courts to administer all matters relating to the affairs of decedents, and to make a full, equitable and complete disposition.   (*Matter of Lyon,* 266 N. Y. 219.)   In an accounting proceeding the Surrogate is without limitation in determining all issues, and he may try and determine all questions legal or equitable arising in such a proceeding.   (*Matter of Gurevitch,* 166 Misc. 439; *Matter of Brady,* 111 Misc. 492; *Matter of Wade,* 270 App. Div. 712; *Matter of Flint,* 120 Misc. 230.)

Whether a tort be maritime or nonmaritime must be determined by the character and locality of the injured thing at the time the tort was committed.   This is known as the rule of locality.   The meaning of the rule of locality, in cases of maritime tort, is that the wrong must have been committed wholly on navigable waters, or at least the substance and consummation of the same must have taken place upon those waters, to be within admiralty jurisdiction.   A substantial cause of action

arising out of the wrong must be complete within the locality on which jurisdiction depends. (*The Plymouth*, 3 Wall [U. S.] 20; *Ex Parte Phenix Insurance Co.*, 118 U. S. 610; *Johnson* v. *Chicago and Pacific Elevator Co.*, 119 U. S. 388; *Ramsdell* v. *La Compagnie Generale Transatlantique*, 182 U. S. 406; *Cleveland Terminal and Valley R. R. Co.* v. *Cleveland Steamship Co.*, 208 U. S. 316; *The Troy*, 208 U. S. 321; *Martin* v. *West*, 222 U. S. 191; *The Panoil*, 266 U. S. 433.)

The cases cited above concern specific instances where it was held that the torts were nonmaritime and therefore not within admiralty jurisdiction. The torts in issue in these cases involve buildings on land destroyed by fire started by sparks from a vessel; a jib boom of a vessel striking a building on land; vessels striking docks, and bridges, even where such bridges span navigable waters; a vessel striking and damaging a dock which had been constructed to divert the current in the channel of a waterway. In all these instances it was held that the substance and consummation of the wrong had taken place on land and not on navigable water, and that the things damaged were part of the land or extensions of the land. It is apparent, therefore, that the claim at bar is not an admiralty cause, the claim being one for damage to real estate. Since damage to extensions of land have been held not to sound in admiralty, then it follows that damage to the land itself must necessarily fall into the same category.

Even though this is not an admiralty cause, when the case is tried in a State court the admiralty rules concerning limitation of liability would apply. (*Richardson* v. *Harmon*, 222 U. S. 96.) Where vessels have sunk at the pier it has been held that the owners of the vessel could abandon same and limit their liability. The owners are not required to raise the vessel. (*City of Newark* v. *Mills*, 35 F. 2d 110; *The Irving F. Ross*, 8 F. 2d 313; *Highlands Navigation Corp.*, 29 F. 2d 37.; U. S. Rev. Stat., §§ 4283–4285; U. S. Code, tit. 46, §§ 183–185.) A defendant or respondent can plead the relief allowed under Federal law insofar as limitation of liability is concerned in a State court when the issue is raised in the answer. (*DePinto* v. *O'Donnell Transportation Co., Inc.*, 180 Misc. 649, affd. 266 App. Div. 1002, revd. 293 N. Y. 32.)

The court concludes that the claim at issue is not an admiralty cause and should be determined at the time of accounting. The application is therefore entertained and the executrix is directed to render, file and settle her account.

Enter decree on notice.