Singer Hosiery Mills of New York, Inc., et al., Plaintiffs, *v.* Cunard White Star, Limited, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, February 14, 1951.

Action for breach of contract of shipping.

*Lord, Day & Lord* for defendant.

*Lawrence W. McKeown* for plaintiffs.

SILVERMAN, J. The summons in this action is indorsed as follows: "Breach of contract of carriage by defendant, as common carrier, in that shipment, hereinafter described, loaded aboard the S. S. *Vasconia* at Belfast for discharge at New York was overcarried and returned to the United Kingdom and forwarded aboard the S. S. *Queen Elizabeth,* arriving at New York on or about October 16, 1947 in bad order and condition: 2 cases Textile Machinery marked W. & C. New York 9315/6."

Defendant, by its answer, alleges:

"(1) General denial.

"(2) Statute of limitations on Carriage of Goods by Sea Act. Sec. 1303 (6) Tit. 46 U. S. C. A.

"(3) Affirmative provisions of the bill of lading and in particular paragraphs 1, 9 and 13 thereof."

This is a motion to dismiss the complaint in that the action was not brought within the one-year period fixed by (1) the Statute of Limitations, Carriage of Goods by Sea Act (U. S. Code, tit. 46, § 1303, subd. [6]) and (2) the affirmative provisions of the contract of carriage, particularly paragraph 1 thereof.

It appears from the affidavits submitted that the machinery involved was placed aboard the S. S. *Vasconia* on August 27, 1947, for shipment from Belfast to New York under a bill of lading which provided as follows:

"It is mutually agreed as follows:

"(1) This bill of lading is and shall have effect subject to:

"(A) the terms and provisions of the Carriage of Goods by Sea Act, 1924, and of the rules comprising the schedule thereto (hereinafter referred to as 'the rules') as in the said Schedule set out and hereby incorporated in this Bill of Lading and/or as applied thereto by the said Act, and

"(B) the terms and provisions printed on the back hereof.

"Provided that nothing contained in the Rules shall deprive the Carrier of the right to claim, and that the Carrier shall have under this Bill of Lading the full benefit of all limitations of, or exemptions from liability conferred upon the Carrier and/or the ship by Public Law."

When the shipment first arrived in New York, it was returned to England on the S. S. *Vandalia* which sailed from New York on September 18, 1947. Thereafter it was reshipped to New York per S. S. *Queen Elizabeth* which arrived in New York on October 16, 1947.

This action was commenced on March 31, 1949, more than seventeen months after delivery of the machinery was made to the plaintiffs on October 21 and 22, 1947.

The manner in which the shipment was made was a substantial deviation from the contract of carriage as provided in the bill of lading and constituted an overcarriage. In my opinion, this deviation made the carrier an insurer (*Farr* v. *Hain S. S. Co.*, 121 F. 2d 940; *Maghee* v. *Camden & Amboy R. R. Co.*, 45 N. Y. 514; *Ely* v. *Barrett*, 181 App. Div. 176).

In *Maghee* v. *Camden & Amboy R. R. Co.* (*supra*) the court stated at page 522: "When a carrier accepts goods to be carried with a direction on the part of the owner, to carry them in a particular way or by a specified route, he is bound to obey such direction and if he attempts to perform his contract in a manner different from his undertaking, he becomes an insurer, and cannot avail himself of any exceptions in the contract."

There is no question that under the maritime law and under New York State law, as quoted above, a substantial deviation by the carrier from performance as required by the bill of lading has serious effects upon the agreement between the parties. If the carrier breaches its contract, it should be estopped from claiming advantages which accrue to it solely by reason of the contract. The courts hold that such exceptions are invalidated.

However, I feel that the entire contract is not nullified and those provisions remain which have not been affected by the breach which occurred. Be that as it may, the question of shipments by sea to or from ports of the United States is a matter of Federal regulation, more especially so when the shipment is governed by a bill of lading. The Carriage of Goods by Sea Act (U. S. Code, tit. 46, § 1300 *et seq.*) regulates the rights and obligations of the carrier and the shipper in the instances and in the particulars provided for in the act. Subdivision (6) of section 1303 provides: "In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered ".

This provision of the act is all inclusive; it is of the substance of the rights between the parties. Granting that a breach has occurred and even assuming that the provisions of the bill of lading have been nullified and the carrier has become an insurer, under our Federal law which governs this action, the shipper, unless he has in some manner been relieved from the one-year

limitation, is bound to begin the action for a breach within one year after delivery of the goods or when the goods should have been delivered.

There are no facts set forth showing that the consignees were lulled into a sense of security, misled, imposed upon, deceived or had been subjected to any fraudulent practice which prevented them from instituting this action within one year after delivery of the machinery. The bill of lading expressly states that the carrier and the ship are discharged from liability unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered and there is no reason why the consignees should not be held to compliance with this provision of the bill of lading and the similar provision contained in the Carriage of Goods by Sea Act. (*Switzerland Gen. Ins. Co. of Zurich* v. *Navigazione Libera Triestina,* 91 F. 2d 960 [C. A. 2d, 1937]; *Potter* v. *North German Lloyd,* 50 F. Supp. 173 [U. S. Dist. Ct., N. D. Cal., 1943]; *Matter of Wheeler,* 191 Misc. 33, 35; *Zonite Products Corp.* v. *Mediterranean Navigation Co.,* 183 Misc. 962.)

The motion to dismiss the complaint is therefore granted.