## INTERNATIONAL HARVESTER EXPORT CO. v. SKIBSAKTIESELSKAB HILDA KNUDSEN.

United States District Court
S. D. New York.
Feb. 18, 1952.

Bigham, Englar, Jones & Houston, New York City, proctors for libelant. William F. Anderson, New York City, of counsel.

Haight, Deming, Gardner, Poor & Havens, New York City, proctors for respondent.

WEINFELD, District Judge.

Respondent excepts to the libel as barred by the statute of limitations of the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1300 et seq.

The Act provides that "the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered." 46 U.S.C.A. § 1303(6).

An exception to a libel is analogous to a demurrer at common law. The Nea Hellis, 2 Cir., 116 F.2d 803. The libel (the allegations of which must, therefore, be taken as true) states that libelant delivered goods to respondent at New York on February 28, 1948, for shipment to Beirut in accordance with a bill of lading; that subsequently the ship arrived at Beirut, but some of the goods were not delivered. Libelant's brief concedes that the one-year period had expired when the libel was filed on February 17, 1950, but alleges that respondent waived the limitation contained in the Act, 46 U.S.C.A. § 1303. However, no such waiver is alleged in the libel.

Since it affirmatively appears from the libel that the statute of limitations has run, "it is then incumbent on the libellant to plead and prove facts * * * tolling the statute." Redman v. United States, 2 Cir., 176 F.2d 713, 715; Kane v. Union of Soviet Socialist Republics, 3 Cir., 189 F.2d 303. Therefore, the libel is dismissed with leave to serve an amended libel setting forth facts showing that the period of limitations was waived or otherwise tolled. The Sydfold, 2 Cir., 86 F.2d 611.

Settle order on notice.