Walter **HELLYER** and Philip W. Hellyer doing business under the trade name and style of Hellyer & Company, Libellants,

v.

**NIPPON YESEN KAISYA**, Respondent.

United States District Court
S. D. New York.
March 31, 1955.

years after the non-delivery of a cargo of tea which had been received by respondent at Shimizu, Japan, for transportation and delivery to San Francisco, California. The respondent filed exceptions and exceptive allegations which set up four defenses: (1) time bar under the one-year limitation of the Carriage of Goods by Sea Act;[1] (2) discharge in bankruptcy of respondent granted by the United States District Court for the Northern District of California, Southern Division; (3) non-delivery was due to restraint of rulers and princes—the Japanese government;[2] and (4) laches.

The libellant seeks to avoid the effect of the one-year time bar of the Act which was incorporated by reference in the bill of lading upon an alleged deviation. The charge as set forth in the libel is that the vessel "arrived off the * * * port of San Francisco where the said vessel deviated, failed to enter the port of San Francisco, failed to discharge the said merchandise at said port * * *, thereupon returned to Japan and failed to deliver said merchandise to the order of libellants at all." Stripped down to its essentials, the claimed deviation is non-delivery of the cargo, notwithstanding that the vessel in fact arrived at the port of her destination. In my view this is not the type of deviation, if deviation it be, which voids the one-year limitation provision contained in the Act.

The libellant's claim, no matter how phrased, is simply for a non-delivery of the merchandise—and non-delivery is not to be equated with an unjustifiable deviation which results in abrogating the contract of carriage. As I stated in Jones v. The Flying Clipper, D.C.S.D.N.Y., 116 F.Supp. 386, 387:[3] "The underlying rationale of the controlling cases is that an unjustifiable devia-

Dow & Symmers, New York City, for libellants.

Burlingham, Hupper & Kennedy, New York City, for respondent.

WEINFELD, District Judge.

This libel was filed by libellants, citizens of Illinois, against the respondent, a Japanese corporation, more than 12

1. 46 U.S.C.A. § 1303(6).

2. 46 U.S.C.A. § 1304(2) (g).

3. This Court has held an unjustifiable deviation based upon an on deck stowage where a clean bill of lading had been issued, deprives the carrier of the benefit of the per package limitation of liability contained in § 1304(5) of the Act. The issue as to the effect of an alleged deviation founded upon non-delivery of the cargo on the limitation provision of the Act was not involved.

tion changes the character of the voyage so essentially as to amount to an entirely different venture from that contemplated by the parties"—and the failure to deliver the subject matter of the contract has been held not to constitute such a fundamental breach as to vitiate the contract between the parties.[4] The non-delivery of a cargo is an ordinary, even though a material breach of the contract [5] and it may be said to be a risk within the contemplation of the parties against which the shipper normally protects himself by insurance. The authorities, prior to the passage of the Carriage of Goods by Sea Act, were in accord that non-delivery or mis-delivery did not abrogate the time limitation terms of the contract of carriage.[6] The passage of the Act did not relax the force of those holdings—if anything a strong argument can be advanced that under it the carrier's right to enforce the limitation provision was strengthened.[7] The only decisions subsequent to the passage of the Act [8] are in accord with earlier authorities that deviation based upon a claim of non-delivery does not vitiate the time limitation provision of the Act. I agree.

Since I am of the view that the non-delivery of the goods did not vitiate the one-year provision, suit normally would be barred unless commenced "within one year after the delivery of the goods or the date when the goods should have been delivered * * *". The cargo was delivered to respondent on July 13, 1941 on which date the vessel sailed from Shimizu, but according to the affidavit filed by libellant's proctor in opposition to the exceptions and the exceptive allegations, she arrived off the port of San Francisco some time in August, 1941. We accept the last day of that month as the day when the merchandise should have been delivered. Accordingly, under normal conditions the suit should have been commenced no later than August 31, 1942.[9] But libellant urges that the statute was tolled by reason of war conditions and the absence of respondent from the jurisdiction. Assuming arguendo that his position is correct, and even excluding the period from August 31, 1941 to Pearl Harbor day, December 7, 1941 (when libellants could have brought suit either in Japan or in the United States), the indisputable facts establish that even after the disabilities were removed the libel was not filed within the required time. The surrender of Japan was signed September 2, 1945; following the war, respondent's vessels commenced calling at California ports in September, 1950, and since then it has had agents there who have been accepting process on its behalf; since April 24, 1951 respondent has had vessels and property in this jurisdiction subject to attachment, as well as agents who have been accepting process on its behalf.[10]

4. Bank of California, N. A. v. International Mercantile Marine Co., 2 Cir., 64 F.2d 97; M. & T. Trust Co. v. Export S. S. Corp., 262 N.Y. 92, 186 N.E. 214; Potter v. North German Lloyd, D.C.N.D. Cal., 50 F.Supp. 173; Singer Hosiery Mills v. Cunard White Star, 199 Misc. 389, 102 N.Y.S.2d 762, 1951 A.M.C. 988. Cf. Davis v. Roper Lumber Co., 269 U.S. 158, 46 S.Ct. 28, 70 L.Ed. 209. See also, Switzerland General Ins. Co. of Zurich v. Navigazione Libera Triestina S. A., 2 Cir., 91 F.2d 960.

5. Bank of California, N. A. v. International Mercantile Marine Co., 2 Cir., 64 F.2d 97.

6. Bank of California v. International Mercantile Marine Co., note 5, supra; M. & T. Trust Co. v. Export S. S. Corp., 262 N.Y. 92, 186 N.E. 214.

7. Cf. Knauff, Ocean Bills of Lading, 276, 1953 Ed. The phrase "within one year after the delivery of the goods or the date when the goods should have been delivered * * *" in § 1303(6) can only refer to non-delivery situations.

8. Potter v. North German Lloyd, D.C.N.D. Cal., 50 F.Supp. 173; Singer Hosiery Mills v. Cunard White Star, 199 Misc. 389, 102 N.Y.S.2d 762, 1951 A.M.C. 988.

9. The suggestion contained in libellant's brief that there is an unresolved issue as to the date when the goods should have been delivered is clearly without merit.

10. These facts contained in the exceptive allegations are not disputed by the libellants.

██ The libel was not filed until October, 1953 and hence was not filed within the required time. Accordingly, the exception based upon the time bar contained in the Carriage of Goods by Sea Act is sustained. This disposition makes it unnecessary to consider the other defenses.

██ The libel contains no allegation of any waiver of the limitation period, the burden of pleading and establishing which rests upon libellant.[11] However, the brief and opposing affidavit suggest that such a plea is available. Although it is questionable that the facts as alleged are sufficient to support such a plea, the libellant will be given an opportunity to plead anew.[12]

Settle order on notice.

11. Redman v. United States, 2 Cir., 176 F.2d 713; Kane v. Union of Soviet Socialist Republics, 3 Cir., 189 F.2d 303.

12. The Sydfold, 2 Cir., 86 F.2d 611; International Harvester Export Co. v. Skibsaktieselskab Hilda Knudsen, D.C.S.D. N.Y., 106 F.Supp. 880.