Irving H. Saypol, J.
Defendant Isbrandtsen Company, Inc., moves pursuant to rules 106 and 107 of the Rules of Civil Practice, for judgment dismissing the complaint, upon the ground that the cause did not accrue within the time limited for the commencement of an action thereon, and for insufficiency.
Plaintiff had agreed with the codefendant for the shipment of 60 automobiles to Beirut, Lebanon, in three shipments of 20 automobiles. The second shipment was made by the moving defendant. A dock receipt was issued which by reference incorporated defendant’s customary bill of lading. No dispute is raised as to plaintiff’s knowledge of its terms. (Dunbar v. Charleston & Western Carolina Ry. Co., 62 S. C. 414.) The dock receipt was to be surrendered upon the delivery of the bill of lading which, it is alleged, defendant refused to deliver. By reason thereof the shipment was not concluded; plaintiff lost the profits thereon and of the third shipment as well, which could not be made because of the failure of the second shipment. *68 Under rule 107 of the Buies of Civil Practice, defendant relies on the Carriage of Goods by Sea Act (U. S. Code, tit. 46, § 1300 et seq.). Subdivision (6) of section 1303 reads in part: “In any event the carrier and the ship shall be discharged from, all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered ”. The language is sufficiently broad to cover any loss including plaintiff’s charged breach of the contract because the defendant failed to deliver the bill of lading.
The quoted statutory provision is all inclusive (Singer Hosiery Mills v. Cunard White Star, 199 Misc. 389, 391). In the absence of the delivery of the bill of lading, the Carriage of Goods by Sea Act was made applicable by the provisions in the dock receipt which incorporated by reference the statutory limitation (Knauth on American Law of Ocean Bills of Lading [1953 ed.], p. 144). Suit upon the loss allegedly sustained by the breach should have been instituted before the expiration of one year from the time when the goods should have been delivered (Switzerland Gen. Ins. Co. v. Navigazione Libera, 91 F. 2d 960, 963). There is no dispute that more than one year elapsed before suit.
Plaintiff contends that the carriage was on deck and that the limitation does not apply since subdivision (c) of section 1301 provides: “The term ‘goods’ includes goods, wares, merchandise, and articles of every kind whatsoever, except live animals and cargo which by the contract of carriage is stated as being carried on deck and is so carried.”
However, a further term of defendant’s bill of lading provides: “In respect of goods carried on deck all risks of loss or damage by perils inherent in such carriage shall be borne by the Shipper or the Consignee but in all other respects custody and carriage of such goods shall be governed by the terms of the bill of lading and the provisions stated in said Carriage of Goods by Sea Act notwithstanding Section 1(c) thereof, or the corresponding provisions of any Carriage of Goods by Sea Act that may be applicable. ’ ’ Clearly, therefore, the agreement was for the carriage of goods pursuant to the provisions of the act, despite the fact that they were carried on deck and the exclusion provided by subdivision (c) of section 1301 was to be disregarded.
In Waterman S. S. Corp. v. United States Smelting, Refining & Mining Co. (155 F. 2d 687, 691) the carriage was not in foreign trade but between ports in the United States and of goods on deck. Agreement subjecting on deck carriage between *69 ports of the United States to the provisions of the Carriage of Goods by Sea Act, with its consequent rights and liabilities, is permissible. These parties agreed that the carriage was subject to such rights and liabilities despite subdivision (c) of section 1301. While defendant may have breached the contract in that it did not deliver the bill of lading, the entire contract is not nullified and the provisions not affected remain in force (Singer Hosiery Mills v. Cunard White Star, supra).
That portion of the complaint concerning the third shipment is insufficient to support a recovery. Apart from the absence of an allegation that the shipment was ever tendered, the allegations do not show that the loss in this regard was contemplated or that defendant had knowledge of the original contract providing for a third shipment (Richardson on Contracts [1920 ed.], § 427).
The motion is granted. Settle order.