**ITALIA DI NAVIGAZIONE, S.p.A., Plaintiff,**

v.

**M.V. HERMES I, her engines, boilers, tackle, etc., and Hermes Shipping K.K., a/k/a Hermes Shipping Co., Ltd., Defendants.**

No. 82 Civ. 1188 (RWS).

United States District Court, S.D. New York.

March 25, 1983.

Healy & Baillie, New York City, for plaintiff; Raymond A. Connell, Elisa M. Pugliese, New York City, of counsel.

Walker & Corsa, New York City, for defendants; Christopher H. Mansuy, Lenore E. McQuilling, New York City, of counsel.

## OPINION

SWEET, District Judge.

Defendant Hermes Shipping K.K. ("Hermes") has moved for summary judgment pursuant to Fed.R.Civ.P. 56 on the grounds that plaintiff Italia di Navigazione, S.p.A. ("Italia") is not the real party in interest and that certain of Italia's claims are time-barred. Italia has cross-moved for an order pursuant to Fed.R.Civ.P. 37 compelling Hermes to respond to certain document requests. For the reasons stated below, Hermes' motion will be granted in part and denied in part.

Italia commenced this action on February 26, 1982 seeking damages for the alleged nondelivery of certain items shipped aboard the vessel M/V HERMES I ("HERMES") from Leghorn, Italy for delivery to the Port of New York. The complaint asserts four causes of action, each arising from separate incidents of alleged nondelivery. Three voyages are involved, the first in February, 1980, the second in January, 1981, and the third in February, 1981, with two separate losses allegedly occurring during the latter voyage. Italia had time-chartered the HERMES pursuant to a charter party dated March 14, 1979. Hermes is the registered owner of the HERMES.

Hermes' first contention is that this action should be dismissed because Italia, as the charterer of the vessel rather than the shipper or consignee of the cargo, is not the real party in interest with respect to these claims. Italia has submitted documents, however, indicating that it is the assignee of the claims asserted here. Hermes has not contested the validity of the assignments. As assignee, Italia is a real party in interest to assert these claims. See Nissho-Iwai Co. v. M/T Stolt Lion, 617 F.2d 907, 911 & n. 2 (2d Cir.1980); see generally 3A Moore's Federal Practice ¶ 17.09[1.–1] (2d ed. 1982).[1]

---

1. Hermes argues that the claims here have been extinguished because Italia has paid con-

Hermes also argues that Italia's first two claims, which arise from the February, 1980 and January, 1981 voyages, are time-barred. Section (3) of the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1303(6) provides, in pertinent part, that:

> In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered.

This action was commenced on February 26, 1982, more than one year after the date when the goods should have been delivered.

Italia asserts that it has reason to believe that the alleged cargo losses were the result of theft or pilferage by the crew of the HERMES and that Hermes is therefore not entitled to the protection of the COGSA one-year limitations period. This argument is made by analogy to the marine doctrine of deviation. The deviation doctrine has a long history and is most frequently invoked in the case of geographical deviation from the route of the voyage. *See generally* Comment, *The Law of Maritime Deviation,* 42 Tulane L.Rev. 155 (1972); 2A *Benedict on Admiralty* Ch. 12 (6th ed. 1981); G. Gilmore & C. Black, *The Law of Admiralty* §§ 3–40 to –42 (2d ed. 1975). It has been extended by some courts to other types of "deviation" on the theory that certain misconduct on the part of the carrier can be so serious as to amount to a material departure from the terms of the contract of carriage, resulting in loss of various of the protections provided by COGSA. *Id.* § 3–42; *see Minex v. International Trading Co.,* 303 F.Supp. 205, 209 (E.D.Va.1969). For example, on-deck stowage has been held to constitute a deviation sufficient to impose insurer's liability on the carrier under certain circumstances. *Jones v. The Flying Clipper,* 116 F.Supp. 386 (S.D.N.Y.1953). A finding of deviation may operate to deprive the carrier of the benefit of the COGSA

one-year limitations period. *Cerro Sales Corp. v. Atlantic Marine Enterprises,* 403 F.Supp. 562, 566 (S.D.N.Y.1975); *United States v. Wessel, Duval & Co.,* 115 F.Supp. 678, 684 (S.D.N.Y.1953).

■ No authority for the proposition that crew theft constitutes a deviation "ousting" the COGSA limitations period has been cited by counsel or found by this court. There is authority, however, to the effect that the deviation doctrine should not be extended beyond those areas in which it is well established. In *Iligan Integrated Steel Mills, Inc. v. SS John Weyerhauser,* 507 F.2d 68 (2d Cir.1974), *cert. denied,* 421 U.S. 965, 95 S.Ct. 1954, 44 L.Ed.2d 452 (1975), our Court of Appeals stated:

> We think the principle of "quasi-deviation" is not one to be extended. As previously noted, even the holding that a deviation in the geographical sense voids limitations on the carrier's liability seems inconsistent with the language of COGSA. It has been justified in part by what is—or at least was—the especially serious effect of such a deviation on the shipper. . . . Up to this point the concept of "quasi deviation" in the United States has recognized only one instance, deck stowage of cargo which the carrier had agreed to carry below deck, for which the carrier becomes liable in full as an insurer of the shipper's cargo. Whatever may be thought of that principle, it is easy to administer and carriers know the risks.

*Id.* at 72. *See also Amoco Canada Petroleum Co. v. Lakehead Pipe Line Co.,* 618 F.2d 504, 507 (8th Cir.1980) (interpreting *Iligan* to prohibit application of deviation doctrine in case of wilfull and wanton misconduct on the part of the carrier); Gilmore & Black, *supra,* § 3–42 at 183 ("It would seem unwise to extend analogically and by way of metaphor a doctrine of doubtful justice under modern conditions of questionable status under COGSA, and of highly penal ef-

sideration to its assignor for the assignment of these claims. However, as noted in *Nissho-Iwai Co. v. M/T Stolt Lion, supra,* a party may appear in an action both as charterer and as the assignee of the shipper. The fact that Italia

has paid the shippers' claims in this action does not affect its standing to maintain this action as the assignee of those claims. *See* 617 F.2d at 911, 913.

fect."). Therefore, this court declines to extend the deviation doctrine to the circumstances of this case, and Italia's first two claims will be dismissed as time barred.

Italia has cross-moved to compel responses to certain interrogatories and document requests. Hermes has objected on several grounds. To the extent that objections are based on the pendency of this motion, those objections are moot. Hermes contends also that Italia has demanded arbitration of this dispute and that it should not be required to conduct discovery until a forum is decided upon. Neither party has requested, however, that this action be stayed pending arbitration, and until such a request is made proceedings in this court, including discovery, will continue.

Hermes' next ground for objection is that it does not have possession, custody, or control over the documents sought by Italia. This objection will be sustained, *see* 4A *Moore's Federal Practice* ¶ 34.17 (2d ed. 1982), on the condition that the requests objected to on this ground are specified in compliance with Fed.R.Civ.P. 34(b).

Hermes' final ground for objection is that Italia, as the charterer of the vessel, has access itself to some of the documents requested. This objection will be overruled.

For the foregoing reasons, Hermes' motion will be granted to the extent that the claims arising from the February, 1980 and January, 1981 voyages will be dismissed, and Italia's cross-motion will be granted to the extent indicated above. No costs or attorneys' fees will be awarded.

Submit order on notice.

IT IS SO ORDERED.