PER CURIAM.
Assuming, arguendo, that the ap-pellee deviated from the bill of lading by stowing the appellant’s goods above rather than below deck, such a deviation does not relieve the appellant of the requirement of the Carriage of Goods by Sea Act, 46 U.S.C. § 1300 et seq. (1976), that suit against the appellee be “brought within one year after delivery of the goods or the date when the goods should have been delivered.” 46 U.S.C. § 1303(6) (1976). Francosteel Corp. v. N.V. Nederlandsch Amerikaansche, Stoomvart-Maatschappij, 249 Cal.App.2d 880, 57 Cal.Rptr. 867, cert. denied, 389 U.S. 931, 88 S.Ct. 293, 19 L.Ed.2d 282 (1967). See Hellyer v. Nippon Yesen Kaisya, 130 F.Supp. 209 (S.D.N.Y.1955); Potter v. North German Lloyd, 50 F.Supp. 173 (N.D. Cal.1943); Singer Hosiery Mills of New York, Inc. v. Canard White Star Limited, 199 Misc. 389, 102 N.Y.S.2d 762 (N.Y.Munic. Ct.1951). But see Cerro Sales Corporation v. Atlantic Marine Enterprises, Inc., 403 F.Supp. 562 (S.D.N.Y.1975). Since it appears on the face of the complaint that the appellant’s suit was brought well after the statute of limitations expired, the trial court was eminently correct in dismissing the complaint. See Roehner v. Atlantic Coast Development Corp., 356 So.2d 1296 (Fla. 4th DCA 1978).
Affirmed.