**INSURANCE COMPANY OF NORTH AMERICA, Plaintiff,**

v.

**S/S OCEANIS, her engines, boilers, tackle, etc., C.N. Lloyd Brasileiro, Atlantica Companhia Naviera, S.A., Defendants.**

**C.N. Lloyd BRASILEIRO, Third–Party Plaintiff,**

v.

**I.T.O. CORPORATION OF NEW ENGLAND, Petrobras Comercio International S.A.–Interbras, Interbras Cayman Co., and Internor Trade, Inc., Third–Party Defendants.**

**No. 87 CIV 2852 (LBS).**

United States District Court, S.D. New York.

Aug. 15, 1988.

Yorkston W. Grist, P.C., New York City, Attorneys for plaintiff Insurance Co. of North America; David L. Mazaroli, of counsel.

Healy & Baillie, New York City, for defendant Atlantica Companhia Naviera S.A.; Jack A. Greenbaum, of counsel.

Crowell Rouse & Matera, New York City, for defendant C.N. Lloyd Brasileiro; Francis R. Matera, of counsel.

## OPINION

SAND, District Judge.

Plaintiff Insurance Company of North America brings this action against Defendants C.N. Lloyd Brasileiro ("Brasileiro"), the charterer of the SS OCEANIS, and Atlantica Companhia Naviera ("Atlantica"), the owner of the OCEANIS. Plaintiff seeks $200,000 for alleged damage to a cargo of resin shipped from the ports of Salvador, Rio de Janeiro and Rio Grande, Brazil, for transportation to Boston, Massachusetts. Plaintiff alleges that Defendants' issuance of "clean on board" bills of lading despite the fact that there were notations of damage on the mate's receipt precludes application of the one-year time limitation set forth in the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1300 *et seq.* (Affidavit in Opposition to Defendant Atlantica's Motion for Summary Judgment, ¶ 3). The cargo of resin was delivered on May 7, 1984 and Plaintiff filed his complaint on April 28, 1987, approximately three years after delivery.

On July 14, 1987, Defendant Brasileiro submitted a cross-claim against Defendant Atlantica and a counter-claim against Plaintiff. On May 26, 1988 Defendant Atlantica made a motion for Summary Judgment pursuant to F.R.Civ.P. 56 to: 1) dismiss the complaint as time-barred, and 2) adjudge Plaintiff liable for attorney's fees. In addition, Atlantica requested an order pursuant to 9 U.S.C. § 3 staying the cross-claim against it pending arbitration in London. At oral argument we granted the stay pending arbitration in London. To the extent Plaintiff claims reliance on a time extension from insurer representative La-Morte, Burns & Co., this argument is rejected, it being undisputed that LaMorte, Burns did not represent this Defendant. Thus, we are left with the issue of whether this suit is time-barred.

Defendant Atlantica contends that, under COGSA, Plaintiff's claim is time-barred by a one year statute of limitations. COGSA provides that every bill of lading for carriage of goods to or from the United States ports is subject to COGSA provisions (§§ 1300, 1312). The statute further provides that "[i]n any event the carrier and ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of goods or the date when the goods should have been delivered." (COGSA § 1303(6)).

Plaintiff seeks to have this Court hold that the one-year statute of limitations under COGSA is vitiated by Defendants' actions in improperly marking the bills of lading as "clean on board." Plaintiff terms Defendants' actions as a "deviation" or "quasi-deviation." Historically, the term "deviation" when used for purposes of vitiating COGSA provisions, has been applied to a ship's geographic deviation in route (*see B.M.A. Industries v. Nigerian Star Line,* 786 F.2d 90 (2d Cir.1986), *citing Thyssen, Inc. v. SS Fortune Star,* 777 F.2d 57, 63–65 (2d Cir.1985)), and to deviations involving improper stowage of goods, sometimes referred to as "quasi-deviations". (*See St. John's N.F. Shipping Corp. v. S.A. Companhia Geral Commercial,* 263 U.S. 119, 44 S.Ct. 30, 68 L.Ed. 201 (1923); *Jones v. The Flying Clipper,* 116 F.Supp. 386, 388 (S.D.N.Y.1953)). Thus, the deviation alleged here is not one of the two types of deviations that allow vitiation of a COGSA provision.

Plaintiff, however, contends that the deviation doctrine has been extended so that other types of deviation, such as is here alleged, will also vitiate COGSA provisions. We conclude that the deviation doctrine has not been extended to include such types of deviation for the purpose of vitiating the statute of limitations clause; that the deviation alleged here is not geographic deviation or improper stowage quasi-deviation;

and that therefore, Plaintiff's suit is time-barred according to § 1303(6) of COGSA.

The underlying rationale for the deviation doctrine is that an "unjustifiable deviation changes the character of the voyage so essentially as to amount to an entirely different venture from that contemplated by the parties." *Jones v. The Flying Clipper,* 116 F.Supp. at 387; *see Sedco, Inc. v. SS Strathewe,* 800 F.2d 27, 32 (2d Cir.1986). Insured cargo owners become uninsured when deviation occurs, thus justifying the extreme gravity attached to such deviations. *Iligan Integrated Steel Mills v. SS John Weyerhaeuser,* 507 F.2d 68, 72 (2d Cir.1974), *cert. denied,* 421 U.S. 965, 95 S.Ct. 1954, 44 L.Ed.2d 452 (1975); *see Sedco, Inc. v. SS Strathewe,* 800 F.2d at 31. A recent Second Circuit opinion noted:

> "A carrier's inexcusable deviation from its contract voyage would often void insurance on the cargo. To protect shippers in the event cargo was lost, courts developed the rule that a deviation prevented a carrier from invoking limitations on liability written into the contract of carriage."

*B.M.A. Industries v. Nigerian Star Line,* 786 F.2d at 91 (*citing Thyssen, Inc. v. SS Fortune Star,* 777 F.2d 57, 63–65 (2d Cir. 1985), and Gilmore & Black, The Law of Admiralty § 3–40 at 176–77 (2d ed. 1975)).

The Second Circuit has declined, however, to extend the deviation doctrine to allow contract vitiation for other than geographic and deck stowage deviations. "The principle of quasi-deviation is arguably inconsistent with COGSA and is 'not one to be extended'." *B.M.A. Industries v. Nigerian Star Lines,* 786 F.2d at 92 (*quoting Iligan Integrated Steel Mills v. SS John Weyerhaeuser,* 507 F.2d at 72). Further, "in this circuit ... the doctrine of deviation has been carefully limited, especially in the last decade." *Sedco, Inc. v. SS Strathewe,* 800 F.2d at 32; *see also Hellyer & Co. v. Nippon Yusen Kaisha,* 1955 A.M. C. 1258 (S.D.N.Y.1955) (a claim of non-delivery of cargo, filed 12 years after the cargo was supposed to arrive, was not a deviation which voids COGSA's one year statute of limitations); *Singer Hosiery Mills v. Cunard White Star, Ltd.,* 199 Misc. 389, 102 N.Y.S.2d 762 (N.Y.Mun.Ct. 1951) (damage to equipment shipped from Belfast to New York was not a deviation such that the COGSA statute of limitations clause was vitiated).

However, in some rare instances the deviation doctrine has been extended to include other types of deviations. *E.g., Berisford Metals v. SS Salvador,* 779 F.2d 841 (2d Cir.1985), *cert. denied,* 476 U.S. 1188, 106 S.Ct. 2928, 91 L.Ed.2d 556 (1986) (only partial delivery of cargo); *Elgie v. S.A. Nederburg,* 599 F.2d 1177 (2d Cir.1979), *cert. denied,* 444 U.S. 1072, 100 S.Ct. 1016, 62 L.Ed.2d 753 (1980) (failure to load cargo); *American Industries Corp. v. M.V. Margarite,* 556 F.Supp. 216 (S.D.N.Y.1983) (water damage to cargo).

In these cases where deviation has been extended beyond geographic and stowage deviations, the plaintiff was seeking to vitiate COGSA's $500 liability limitation as opposed to its one-year statute of limitations. Though these latter cases are clearly inconsistent with the Second Circuit's earlier and subsequent holdings, their analysis of the issue turns on the fact that the clause the plaintiff was seeking to vitiate limits the defendant's liability, thus forcing the wrongdoer to compensate the plaintiff for his breach. It would be impossible to apply this same analysis here, since a statute of limitation provision does not address liability or equitable results, but rather protects all parties, and the societal interest in prompt resolution of disputes, from unwarranted delay in bringing suits. Pre–COGSA cases, which incorporate the British Carriage of Goods Act (virtually identical to COGSA), articulate this analysis by noting that the general rule is that "if the shipowner commits a breach of the contract of affreightment which goes to the essence of the contract, he is not entitled after such breach to invoke the provisions of the contract which are in his favor." *Olivier Straw Goods Corp. v. Osaka Shosen Kaisha ("Olivier II"),* 47 F.2d 878, 879 (2d Cir.) (*quoting The Sarnia,* 278 F. 459, 461 (2d Cir.1921), *cert. denied,* 258 U.S. 625, 42 S.Ct. 382, 66 L.Ed. 797 (1922)), *cert. denied,* 283 U.S. 856, 51 S.Ct. 648, 75

L.Ed. 1462 (1931); *see also Berisford Metals v. SS Salvador*, 779 F.2d at 846.

In *Olivier II* when cargo marked "on board" on the bill of lading was never actually put on board and the cargo was subsequently looted during an earthquake, the Court held there was a deviation vitiating the limitation of liability clause. Judge Augustus Hand emphasized that a party should "not [be] allowed to take advantage of clauses exempting it from liability or limiting its obligations." 47 F.2d at 879. With this emphasis in mind, Judge Hand declined six years later to extend the deviation doctrine in order to vitiate the statute of limitations clause when cargo had been noted damaged on the mate's receipt and Defendant nonetheless issued a clean bill of lading. *Switzerland General Ins. v. Navigazione Libera*, 91 F.2d 960 (2d Cir. 1937). The Court analyzed holdings in which deviations regarding misrepresentations of conditions of cargo vitiated clauses limiting liability, and concluded that the same deviation may not necessarily vitiate a different clause of the contract, *i.e.*, a statute of limitations clause.

> "[T]he carrier could take advantage of all exceptions in the bill of lading, the enforcement of which would not be inequitable in view of the misrepresentations therein as to apparent good order.... The representation of the carrier that the cheese was in apparent good order and condition at the time of shipment bears no relation to the limitation provision we are dealing with."

*Switzerland General Ins. v. Navigazione Libera*, 91 F.2d at 962–63.

In any event, this Court, more often than not, has held that the deviation doctrine is not to be extended in any respect, including to vitiate the limitation of liability clause. Moreover, this Court has not extended the deviation doctrine to vitiate the statute of limitations clause.

We hold that the deviation doctrine is not to be extended beyond geographic and deck stowage deviations to cover documentary discrepancies such as are alleged in this case. Thus, Plaintiff's claim does not vitiate COGSA's one year statute of limitations clause, and is time-barred. We grant Defendant Atlantica's Motion for Summary Judgment. Defendant Atlantica's request for attorney's fees is denied.

SO ORDERED.