**Adrien FOURNIER, Plaintiff-Appellant,**

**v.**

**CANADIAN PACIFIC RAILROAD,
Defendant-Appellee.**

**No. 319, Docket 73–1704.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 28, 1975.

Decided Feb. 27, 1975.

Cornelius O. Granai, Barre, Vt. (John E. Bernasconi, Barre, Vt., of counsel), for plaintiff-appellant.

**318**

Robert D. Rachlin, St. Johnsbury, Vt. (Glenn A. Jarrett, St. Johnsbury, Vt., of counsel), for defendant-appellee.

Before KAUFMAN, Chief Judge, and FEINBERG and MANSFIELD, Circuit Judges.

PER CURIAM:

The plaintiff, a section worker, sued the Canadian Pacific Railroad under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60, to recover damages for an injury to his left leg and foot which occurred while employed by the defendant. The railroad moved for summary judgment on the basis of a settlement agreement signed by Fournier which generally released the railroad from all liability arising from the accident. Finding no issue of fact to be tried that would permit the release to be set aside, Chief Judge Holden of the District of Vermont, after receiving affidavits from both sides, granted summary judgment dismissing the complaint. Plaintiff urges that triable issues of fact are presented with respect to the validity of the release. We agree, and reverse.

■ In an F.E.L.A. case a release may be set aside if both parties acted under a mutual mistake of fact or the railroad's representative deceived the plaintiff as to the contents of the release. Callen v. Pennsylvania R.R., 332 U.S. 625, 630, 68 S.Ct. 296, 92 L.Ed. 242 (1948); Dice v. Akron, Canton & Youngstown R.R., 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398 (1952). On a motion for summary judgment, furthermore, the inferences drawn from the facts before the court must be viewed in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam); Empire Electronics Co. v. United States, 311 F.2d 175, 179–80 (2d Cir. 1962) (Kaufman, J.). "If when so viewed, reasonable men might reach different conclusions, the motion should be denied and the case tried on its merits." Empire Electronics, *supra*, 311 F.2d at 180, quoting Ramsouer v. Midland Valley R. Co., 135 F.2d 101, 106 (8th Cir. 1943).

Applying this standard, inferences of fraud or mistake could be drawn from the materials before the district court in the present case.

■ Although the settlement agreement recites that, in consideration of the defendant's payment of $916 to him, Fournier generally released it of all claims arising out of the accident, Fournier's deposition, viewed most favorably to him, supports an inference that the parties intended, notwithstanding the agreement's broad language, to settle only his claim for back wages, leaving open the matter of damages for injuries. According to the deposition the settlement discussions preceding the agreement to the release involved making "a settlement for *loss of pay* as a result of injuries suffered on the job." (Emphasis added). The matter of wages lost due to absence from the job caused by the injury was the predominant, if not the sole, focus of the settlement discussions. It is undisputed that the railroad representative first proposed a settlement of 50% of back wages, and agreement was reached at an amount equal to 75% of the wages lost. Alternatively, it might reasonably be concluded that the railroad's representative made statements that were calculated to persuade Fournier that claims for back wages were all that he was to release. Plaintiff's deposition states "I believe Mr. Simpson [the representative] that the release was solely for past loss of wages." The inference of fraud or mistake in the procuring of a general release is further supported by the fact that the amount of the settlement—$916—is clearly related only to wages lost and is unrelated to the total damages suffered by Fournier, and by an indication in the record that at the time of settlement the railroad had no final medical report on Fournier which would normally be obtained to settle a claim for injuries but not one for back wages lost.

Thus plaintiff claims he was told and believed that he was settling solely a claim for back wages, which would support setting aside the release, whereas

defendant denies plaintiff's assertions and relies on the clear language of the release. Although, as Chief Judge Holden has indicated, trial would likely result in a judgment for the defendant, "the court, on a motion for summary judgment, cannot *try* issues of fact but can only determine whether there *are* issues of fact to be tried; and, once having determined this affirmatively must leave those issues for determination at trial." Empire Electronics Co. v. United States, 311 F.2d 175, 179 (2d Cir. 1962). Since issues of fact are present here, we reverse.