**SEARS, SUCSY & CO., a Delaware Corporation, Plaintiff,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Defendant.**

**INSURANCE COMPANY OF NORTH AMERICA, Third-Party Plaintiff,**

v.

**Westcott TRAINOR et al., Third-Party Defendants.**

**No. 73 C 2833.**

United States District Court, N. D. Illinois, E. D.

June 6, 1975.

John J. Casey, Graham, Stevenson & Casey, Chicago, Ill., for plaintiff.

Edward D. Lapperre, Vincent P. Reilly, James L. Coghlan, Coghlan & Joyce, Terrence Hutton, Jenner & Block, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

MARSHALL, District Judge.

The factual background of this litigation has been extensively discussed in two prior memoranda. The order of October 16, 1974, granted the motion for summary judgment of third-party defendant Ben B. Stein .against the defendant-third-party-plaintiff. Insurance Company of North America. Subsequently, on March 27, 1975, the plaintiff's motion to rehear and deny Stein's motion was denied. Fed.R.Civ.P. 60 (b).[1]

Each of the remaining parties to the litigation has moved for summary judgment, relying primarily upon the two previous orders.

Wescott Trainor and Annette Solomon have moved for summary judgment against I.N.A. on alternative theories. They argue first that since the third party defendants are alleged to be joint tortfeasors, the release of Stein operates as a release of all joint tortfeasors. Or alternatively, they argue that each entered into a valid accord and satisfaction and release with the plaintiff. Under either of these theories they argue they are entitled to summary judgment.

The rule in Illinois is well established that the release of one joint tortfeasor acts as a release of all joint tortfeasors. *City of Chicago v. Babcock*, 143 Ill. 358, 366, 32 N.E.2d 271, 273 (1892); *Anderson v. Martzke*, 131 Ill. App.2d 61, 66–67, 266 N.E.2d 137, 140–41 (1st Dist.1970); *Tidewell v. Smith*, 27 Ill.App.2d 63, 169 N.E.2d 157, 162 (2d Dist.1960). This is a harsh and much criticized rule. *See* W. Prosser, *Law of Torts*, § 49, at 301–305 (4th ed. 1972). Nevertheless, Illinois law on this question must be followed. *Aiken v. Insull*, 122 F.2d 746, 751 (7th Cir.), *cert. denied*, 315 U.S. 806, 62 S.Ct. 638, 86 L. Ed. 1205 (1941), *reh'g denied*, 315 U.S. 829, 62 S.Ct. 904, 86 L.Ed. 1224 (1942).

Reviewing the plaintiff's complaint, the allegations in paragraphs 4 and 6–13 plainly allege that the three third-party-defendants conspired and schemed to defraud the plaintiff, and that their action resulted in a single injury to the firm. The allegations as well as the plaintiff's theory of the case establish that Solomon, Stein and Trainor were being charged as joint tortfeasors. *See De Lude v. Rimek*, 351 Ill. App. 466, 115 N.E.2d 561, 563–64 (1st Dist.1953); *Osinski v. Benson*, 323 Ill. App. 562, 570, 56 N.E.2d 665, 668, 669 (1st Dist.1944); *Herman Berghoff Brewing Co. v. Przbylski*, 82 Ill.App. 361 (1st Dist.1899). Therefore, the release of Stein resulted in a release of Solomon and Trainor. The effect of the release is to bar suit against them by the third-party-defendant, I.N.A. Memorandum Order of October 16, 1974.

---

1. The plaintiff appealed the order of October 16. And although no record of the disposition of the appeal is before the court, counsel orally advised the court that the appeal was dismissed.

■ In addition to arguing that they were released under the principles referred to above, Trainor and Solomon each argue they each received a valid release and an accord and satisfaction from the plaintiff. In her affidavit, Solomon states that she paid $5,839.25 to the plaintiff as consideration for a release from any and all liability for the alleged Leisure Trend fraud. See also affidavit of Lawrence G. Sucsy, at ¶ 9. There is no dispute that this money was paid. Furthermore, there is no material issue of fact that the release was executed without duress or compulsion on the plaintiff.[2] Thus, there was a valid accord and satisfaction and release executed between Sears and Solomon, which bars I.N.A.'s suit.[3]

Trainor also contends he was the beneficiary of a valid release and accord and satisfaction. Trainor agreed to pay $7,566.93 to the rescission fund under the same agreement. This money was paid by way of a promissory note in the amount of $1,651.93 and sale of certain securities to Sears, Sucsy & Co. for $5,915.00. This payment was made in total satisfaction and release of his obligation toward the rescission offer. See Letter to Wescott Trainor, dated July 28, 1972, signed by Richard Erickson on behalf of the plaintiff.

■ The plaintiff argues there was no release because the note was never paid and the agreement was obtained by duress. Failure to pay the note does not void the release and accord and satisfaction. *Maryland Casualty Co. v. Cushing,* 171 F.2d 257 (7th Cir. 1948). The plaintiff's remedy is to sue on the note.

■ The plaintiff next asserts that the release and accord and satisfaction were executed under duress. Trainor was present at the July 28, 1972, meeting, which was discussed extensively in the court's previous memoranda. All the materials submitted regarding that meeting show that the plaintiff persuaded the third-party-defendants to enter into the rescission agreement. Nevertheless, Sears asserts by affidavit that Trainor threatened to go to the SEC. He does not state what he threatened to go to the SEC about, however, or why this would constitute legal duress. This statement does not, therefore, raise a material issue of fact. Therefore, Trainor also received a valid accord and satisfaction and release.

In summary, there are two alternative grounds for concluding that the third-party-defendants were released by the plaintiff. The first is that the release of any one joint tortfeasor released all the others. The second is that each third-party-defendant received a valid accord and satisfaction and release in his own right. The effect of releasing the third-party-defendants is to bar any action against them by the third-party-plaintiff I.N.A. Therefore, the motions of Wescott Trainor and Annette Solomon for summary judgment are *granted.*

■ The defendant, I.N.A., has also moved for summary judgment. Its position is easily stated. I.N.A. insured the plaintiff against any losses resulting from dishonest or fraudulent acts of its employees. If the insured suffers a loss, the insurer, upon payment of the loss, is entitled to subrogation to the insured's cause of action against the parties primarily at fault. *National Cash Register Co. v. Unarco Industries, Inc.,* 490 F.2d 285, 286 (7th Cir. 1974); *Dworak v.*

---

2. In his affidavit Gerald Sears states he was threatened by Annette Solomon because she said her husband was upset about having to refund the profits made on the Leisure Trend stock and wanted to go to the SEC. If there was any duress under these circumstances, it was exercised by Sears. Solomon did not want to pay the money, but Sears prevailed upon her to make the payment. This con-

clusion is forcefully supported by the deposition transcript of Ms. Solomon at 70–71, and Sears' deposition in 73 C 3540 at 187. *See Woods v. Allied Concord Financial Corp.,* 373 F.2d 733, 734 (5th Cir. 1967).

3. Since there was a valid release of Annette Solomon, that would also release the other third-party-defendants for the reasons previously stated.

*Tempel,* 17 Ill.2d 181, 161 N.E.2d 258 (1951); *aff'g* 18 Ill.App.2d 255, 152 N. E.2d 197 (1st Dist.1951). See 6A J. Appleman, *Insurance Law & Practice,* § 4051 (1962). A corollary to this principle is that "if an insured settles with one primarily responsible for the loss and releases him fully from all liability, such release destroys the insurer's right to subrogation and is a complete defense to an action on the policy." *Tarzian v. West Bend Mutual Fire Ins. Co.,* 74 Ill. App.2d 314, 221 N.E.2d 293, 298 (1st Dist.1966); Appleman, *supra,* at § 4093, 16 *Couch on Insurance,* § 60:31, at 204 (2d ed. 1966).

These well established principles mandate the conclusion that plaintiff's release of the third-party-defendants affords I.N.A. a complete defense to plaintiff's action on the policy. Therefore, I.N.A.'s motion for summary judgment is *granted.*[4]

There is one remaining motion for summary judgment to be decided. The plaintiff moved for summary judgment against the defendant on the issue of fraud. In the October 16, 1974 opinion, the court stated that there was a material issue of fact on this question. In the period since that ruling, nothing has been disclosed to change that view. Therefore, the plaintiff's motion is *denied.*

█ In conclusion, it is ordered and adjudged that the motions of third-party-defendants Trainor and Solomon, as well as defendant-third-party-plaintiff I.N.A. are granted.[5] The plaintiff's motion for summary judgment is *denied.*

Thereupon judgment will enter on plaintiff's complaint in favor of defendant Insurance Company of North America, a corporation, and against plaintiff Sears, Sucsy & Co., a corporation, and defendant shall have judgment for its costs.

And judgment will also enter on the third-party complaint in favor of third-party defendant Wescott Trainor and Annette Solomon and against third-party plaintiff Insurance Company of North America, a corporation, and third-party-defendants shall have judgment for their costs.

---

4. The plaintiff did not respond to this motion, although notice of its pendency was communicated to the plaintiff as well as his attorney's motion to withdraw from the case.

5. The defendant and third-party-defendant Solomon did not plead the affirmative defense of release. There is authority in this circuit for the proposition that summary judgment may not be granted on an affirmative defense not pleaded. *Roe v. Sears, Roe-* *buck & Co.,* 132 F.2d 829 (7th Cir. 1943). Release and accord and satisfaction is an affirmative defense that must be pleaded. *Fed.R.Civ.P.* 7(c). In the circumstances of this case, however, since no prejudice resulted to the plaintiff by the failure to so plead, the court will deem the pleadings to be amended to conform to the materials submitted. *Baker v. Chicago, Fire & Burglary Detection, Inc.,* 489 F.2d 953, 955 & n.3 (7th Cir. 1973).