**CARIBBEAN STEAMSHIP COMPANY, S. A., Petitioner-Appellee,**

v.

**SONMEZ DENIZCILIK VE TICARET, A. S., Respondent-Appellant.**

**No. 940, Docket 81–7921.**

United States Court of Appeals, Second Circuit.

Argued April 1, 1982.

Decided April 27, 1982.

John D. Kimball, New York City (Healy & Baillie, Allan A. Baillie, New York City, of counsel), for respondent-appellant.

Donald Waesche, New York City (Waesche, Sheinbaum & O'Regan, Richard W. Stone, II, New York City, of counsel), for petitioner-appellee.

Before FEINBERG, Chief Judge, WINTER, Circuit Judge, and MISHLER,* District Judge.

PER CURIAM:

Sonmez Denizcilik Ve Ticaret, A. S. ("shipowner") appeals from a judgment of the United States District Court for the

---

* Honorable Jacob Mishler, United States District Judge of the Eastern District of New York, sitting by designation.

Southern District of New York, Constance Baker Motley, J., which granted the petition of Caribbean Steamship Company, S. A. ("charterer") to set aside an arbitration award. The brief order of the district court is not published.

The facts underlying this dispute are set forth in detail in our earlier decision reported at 598 F.2d 1264 (1979). Briefly, appellant shipowner's vessel sank in the Atlantic Ocean and lost its cargo of alumina ore valued at almost $3 million. The cargo belonged to Reynolds Metals Company, the parent company of appellee charterer. In our earlier decision, we found that an arrangement between the cargo owner Reynolds and the charterer had the possible effect of somewhat accelerating the charterer's claim against the shipowner for indemnity, creating a "dispute" within the meaning of the arbitration clause in the charter party between the shipowner and the charterer. Id. at 1267. Following that decision, the parties proceeded to arbitration.

At the arbitration proceeding, the panel first decided an issue raised by the shipowner as to whether an arbitrable dispute existed between the parties. The panel unanimously concluded that it was required to hear the case, relying on our earlier decision. Thereafter the shipowner argued, inter alia, that the charterer's indemnity claim must fail because the charterer could never be held liable to the cargo owner and therefore could never become an indemnitee. The arbitration panel agreed, finding that since the charterer "has not paid anything to Reynolds nor will it ever be required to do so," "no indemnity has matured nor can it ever."

The charterer petitioned the district court to set aside the arbitrators' award, which the court did, based upon "the reasons asserted by petitioner." The charterer claimed before that court, as it does here, that the arbitration panel exceeded its powers. The charterer contends that the arbitration panel decided that an arbitrable dispute does not exist, thereby reversing our earlier decision.

On appeal, the shipowner contends that this is an incorrect interpretation of the arbitrators' decision and that the district court erred in setting aside the award. We agree. As the shipowner points out, the arbitration panel expressly ruled that it was required to hear the case. The shipowner argues further that even though the charterer's indemnity claim may have been arbitrable, that alone does not create a right of recovery on the merits. The shipowner is again correct. In our earlier decision holding that an arbitrable dispute does exist between the charterer and the shipowner, we also made clear that the shipowner was free to present its defenses to the charterer's claim at the arbitration proceeding. 598 F.2d at 1267. That the shipowner might have a meritorious defense was implied by our reference to the court's statement in The Toledo, 122 F.2d 255, 257 (2d Cir.), cert. denied, 314 U.S. 689, 62 S.Ct. 302, 86 L.Ed. 551 (1941), that

A claim for indemnity, however, requires that an actual liability be sustained by the indemnitee, and if he settles a claim without a determination of the rights in question, he bears the risk of proving an actual liability in the action over for indemnity.

We hold therefore that the arbitration panel did not exceed its powers in finding that the shipowner's defense against the charterer's claim was meritorious and we find no grounds advanced that would justify setting aside the arbitrators' award. Andros Compania Maritima, S. A. v. Marc Rich & Co., A. G., 579 F.2d 691, 703–4 (2d Cir. 1978); cf. Bell Aerospace Co. Division of Textron v. Local 516, International Union, 500 F.2d 921, 923 (2d Cir. 1974).

The judgment of the district court is reversed, and the case is remanded to the district court with instructions to confirm the arbitrators' award.