ITALIA DI NAVIGAZIONE, S.P.A.

Plaintiff,

v.

M.V. HERMES I, her engines, boilers, tackle, etc., and Hermes Shipping K.K., a/k/a Hermes Shipping Co., Ltd., Defendants.

No. 82 Civ. 1188(RWS).

United States District Court, S.D. New York.

Oct. 6, 1983.

Healy & Baillie, New York City, for plaintiff; Raymond A. Connell, Elisa M. Pugliese, New York City, of counsel.

Walker & Corsa, New York City, for defendants; Leroy S. Corsa, Christopher H. Mansuy, Lenore E. McQuilling, New York City, of counsel.

## OPINION

SWEET, District Judge.

Defendant Hermes Shipping K.K. a/k/a Hermes Shipping Co., Ltd. ("Hermes") has moved for an order staying this action pending the outcome of arbitration between it and plaintiff Italia di Navigazione, S.p.A. ("Italian Line"). For the reason stated below, the motion will be denied.

Italian Line commenced this action in February, 1982 seeking damages for the alleged non-delivery of certain items shipped aboard the vessel M/V HERMES I ("HERMES"), from Leghorn, Italy for delivery to the port of New York. Hermes is the registered owner of the HERMES. Italian Lines had time-chartered the HERMES pursuant to a charterparty dated March 14, 1979 and had issued bills of lading for the goods in question. The charterparty contained an arbitration clause providing that:

Any dispute arising under the charter to be referred to arbitration at [New York] one arbitrator to be nominated by Owners and the other by the Charterers and in the case the Arbitrators shall not agree then to the decision of an Umpire to be appointed by them. The award of the Arbitrators or Umpire to be final and binding upon both parties.

Italian Line sues here as the assignee of the claims of the cargo owners or their subrogees against Hermes, the vessel owner. Italian Line has also commenced arbitration proceedings pursuant to the charterparty in its capacity as charterer. In the arbitration proceedings, Italian Line seeks indemnification for the cargo loss.

Hermes contends that this action should be stayed because what Italian Line actually seeks here is indemnification, which is subject to arbitration. However, a charterer may sue in dual capacities. For

instance, the posture of the parties in this action is quite similar to that in *Nissho-Iwai Co. v. M/T STOLT LION,* 617 F.2d 907 (2d Cir.1980). In that case, the cargo owner sued both the shipowner, Anglomar, and the charterer, Parcel, for damage to the cargo. Parcel settled the claim asserted against it by the cargo interest and took an assignment of cargo's claim against Anglomar. Parcel then asserted cross-claims against Anglomar seeking damages as assignee and indemnity as charterer. The court recognized that Parcel could properly appear and assert these claims in dual capacities. *See* 617 F.2d at 913. However, here the charterparty's arbitration provision is in force, while in *STOLT LION* the parties had waived arbitration, enabling the indemnity claim to be resolved in a single judicial forum along with the claim asserted by Parcel as assignee. *See id.* at 913 n. 5. Thus, the indemnity claim asserted by Italian Lines must be arbitrated.

Hermes contends that the claim asserted here is actually one for indemnity because it "looks" like indemnity. This argument ignores the implicit holding of *STOLT LION,* however, that a charterer may settle a claim asserted against it by the cargo owner and still, as part of the consideration for the settlement, receive a valid assignment of the cargo owner's rights against the shipowner, in addition to creating a claim for indemnification.

Hermes' position, though not flatly stated, appears to be that this court should pierce through the form of the assignment and treat this action for what it really is, i.e. a "dispute" between the charterer and the shipowner which, under the charterparty, is arbitrable. Primary reliance is placed on *Caribbean Steamship Co. v. Sonmez Denizcilik Ve Ticaret, A.S.,* 598 F.2d 1264 (2d Cir.1979). In that case, Caribbean entered into a charterparty with the shipowner that contained a clause providing for arbitration "[s]hould any dispute arise between Owners and Charterers ...." The cargo was lost when the vessel sank. The cargo interest, Reynolds, which was the parent company of the charterer Caribbean, recovered from its insurer and com-menced an action in this court against the shipowner to compel arbitration. The Hon. Charles L. Brieant, Jr. dismissed the petition, holding that the dispute between Reynolds and the shipowner was not a dispute between the charterer and the shipowner as provided for in the charterparty. The insurer, which was subrogated to the cargo owner's rights, then executed documents purporting to assign its claims against the shipowner to Caribbean, the charterer. However, as the Court of Appeals noted, the "assignment" "was primarily not a grant of rights, but rather imposed an obligation on the charterer to assert the assigned claim for the insurer's account." 598 F.2d 1265. The court then went on to hold:

> [A] "dispute" within the meaning of the arbitration clause does exist between the charterer and the shipowner as a result of this unusual set of circumstances. While the arrangement between the insurer and the charterer is styled as an assignment, in substance, at least for arbitration purposes, it is really much closer to the situation where there is a suit by the cargo owner against the charterer, which in turn gives rise to a claim for indemnity by the charterer against the shipowner. The variance from that sequence of events here, which is probably due to the corporate relationship of the cargo owner and the charterer, has caused what is, in effect, a claim for indemnity to be somewhat accelerated.

*Id.* at 1267. If a true assignment had been executed, however, the situation would have been different. As the court stated:

> an assignee of a claim takes it with whatever limitations it had in the hands of the assignor. In this case, that means that the charterer cannot force the shipowner to arbitrate the cargo owner's claim against the shipowner. One cannot make an arbitrable claim out of a non-arbitrable one by assigning it to a person having a broad "any dispute" arbitration contract with the party against whom the claim lies, at least in the absence of evidence showing that the parties to the

arbitration contract intended such a result.

*Id.* at 1266–67.

The *STOLT LION* and *Caribbean Steamship* cases are for this court difficult to reconcile, particularly since there is no mention of the earlier decision in the later opinion. Their different approaches to this problem may be explained by the unique facts of *Caribbean Steamship,* wherein cargo and the charterer were affiliated companies and the assignment seemed not to be a "true" assignment. In the absence of such a situation here, this court sees no doctrine that bars the holder of a claim, whether obtained by assignment or otherwise, from pursuing whatever remedies it may have in the appropriate forum. Therefore, discovery will be permitted to go forward in this action, and the motion for a stay will be denied. The arbitration will also go forward and presumably will result in a determination before this action is ready for trial.

For the foregoing reasons, the motion to stay is denied.

**IT IS SO ORDERED.**